## Fox and others v. Patton and others.

(*District Court, S. D. New York:* December 31, 1884.)

1. **Maritime Contract—Jurisdiction—Exceptions.**

    Where a libel was filed *in personam* against the agents of a foreign ship in New York, who had personally promised the libelants to pay for a previous loss through the breach of a charter-party, the agents not being owners nor personally liable for the damage aside from the new promise, *held,* upon exceptions to the libel, that the agents' personal contract was not a maritime contract of which the admiralty had jurisdiction.

2. **Same—Consideration—Novation.**

    In a case of novation it is not sufficient, to make the new promise a maritime contract, that the consideration of the former contract or liability was maritime.

In Admiralty. Exceptions to libel.

*Beebe & Wilcox,* for libelants.

*Butler, Stillman & Hubbard,* for respondents.

BROWN, J. The libel alleges that in the month of February, 1881, the libelants chartered the British bark Ashur for a voyage from Saint Mary's, Georgia, to Honfleur, France; that said vessel was to make a voyage to Brazil, and thence to proceed in ballast to Saint Mary's, instead of which she took a cargo of merchandise in Brazil and proceeded to New York; that by such deviation in her course and her breach of contract the libelants sustained a loss of £60 sterling; that the respondents, composing the firm of Patton, Vickers & Co., of the city of New York, representing the said bark in this city, thereupon agreed to pay to the libelants for such damage the sum of £55 sterling, which has been demanded of them and payment refused. The respondents except to the libel on the ground that it does not show any cause of a ion within the admiralty jurisdiction of the court. The decision must turn wholly upon the question whether the respondents' contract was or was not a maritime contract. Nothing in the libel warrants the inference that the respondents were under any legal obligation to pay the damages sustained by the breach of the charter-party. There is no allegation that the charter-party was executed by the respondents, or that they were owners of the bark, or of any part of it. Their only relation to the bark appears to have been that they were her agents in New York. This did not impose upon them any liability for her previous breaches of contract. The only foundation of this action, therefore, is the new and independent promise, on their part, alleged in the libel, to pay the libelants for the previous debt of the ship and of her owners. It does not appear whether or not the debt of the ship and of her owners was discharged, or intended to be discharged, by this new and independent promise of the respondents. If it was not discharged, the libelants' remedy against them remains still available. If the former debt was discharged, then it is a case of novation, in which the only relation of

the prior debt to the new obligation is that the former furnishes the consideration of the latter. This original consideration, though in itself a maritime consideration, is not sufficient to make such a new and independent contract a maritime contract. "To be a maritime contract," says STORY, J., in *Thackarey* v. *The Farmer*, Gilp. 524, "it is not enough that the subject-matter of it, the consideration, * * * is to be done on navigable waters." And in the case of *The Centurion*, 1 Ware, 479, WARE, J., says:

"Although the admiralty has a general jurisdiction over maritime contracts and *quasi* contracts, and things done on the sea, it does not follow that the payment of a debt in every form which it may assume can be enforced in the admiralty simply because it originated in a contract, or in the performance of a service which was within the jurisdiction of the court. While the original cause or consideration subsists and is in force, the party may have his remedy in this court; but when that is extinguished, and the debt passes into a new form by what, in the civil law, is called a novation,—as when the creditor receives a bond for the sum due, or a negotiable note or bill of exchange is taken as payment, and as an extinguishment of the debt,— it will not be contended that the admiralty has jurisdiction to enforce the payment of the debt in its new form. *Ramsay* v. *Allegre*, 12 Wheat. 611."

The boundary between contracts maritime and not maritime is often difficult to determine. In this case, as the respondents were under no liability for the original debt of the ship, and as the contract has no other maritime feature than the previous maritime obligation serving as its consideration, I think the defendant's new obligation in this case is not such a one as can be deemed to be a maritime contract, so as to bring it within the jurisdiction of the admiralty. The objections are therefore sustained, and the libel dismissed.