### WILLIAMS v. PROVIDENCE WASHINGTON INS. CO.

(District Court, S. D. New York. April 28, 1893.)

1. ADMIRALTY—JURISDICTION—ACTION TO REFORM INSTRUMENT.
   An admiralty court has no jurisdiction of an action to reform a policy of marine insurance.

2. SAME—SUIT ON WRITTEN INSTRUMENT—FALSE REPRESENTATIONS ANTERIOR TO MAKING INSTRUMENT.
   A suit brought upon a policy of marine insurance, where the loss occurred outside of the express limits of the policy, and the complaint is based upon alleged false and fraudulent negotiations leading up to the making of the policy, is not within the jurisdiction of a court of admiralty.

In Admiralty. Libel by Samuel Williams against the Providence Washington Insurance Company to recover under a policy of marine insurance. On exception to the libel. Exceptions sustained, and libel dismissed.

Peter S. Carter, for libelant.
Hyland & Zabriskie, for respondent.

BROWN, District Judge. The libel is filed to recover under a policy of insurance issued by the respondent on the 14th day of

May, 1891, for one year thereafter, upon the canal boat General
Williams, against perils of the sea. The canal boat was damaged
by sea perils in Long Island sound, at a dock at Stanford, Conn.
The printed part of the policy contained the words:

"To be confined to the general freight business in the navigation of the
rivers and canals of the state of New York, the port, bay, and harbor of the
city of New York, not outside of the Narrows. * * * Warranted not to
go on the East river beyond the southwesterly end of Blackwell's island.
* * * With liberty to use the Harlem river and Port Morris."

These provisions were followed by a clause specially stamped
in the policy, in the following words:

"Lay-up clause waived, but during the period named therein confined to the
port, bay, and harbor of New York, as described, both the North and East
rivers, and the adjacent inland waters of New Jersey."

The place where the canal boat sustained the loss by sea perils,
was not within the port, bay or harbor of New York, nor within
any of the limits described in the policy. The libel charges that
the policy was designed to cover navigation in Long Island sound,
and that when the premium was paid, the libelant, in answer to
inquiries, was assured by respondent that it did cover navigation
in the sound; and that, relying upon these representations, the
policy was accepted and the premium paid; that the first intima-
tion libelant ever had that the policy did not cover the Sound was
after the loss, when respondent refused to acknowledge any lia-
bility, or to attend to the survey of the damage. The libel there-
upon alleges that the above statement was falsely and fraudu-
lently made; that the libelant has duly complied with the condi-
tions of the policy, and asks damages of the respondent in the
amount of the loss.

The exceptions to the libel for lack of jurisdiction of the cause
of action stated in the libel must be sustained. The libel does
not in terms seek to reform the policy. If it did, that could not
be done in this court, but only by a court of equity, upon a bill
filed for that purpose. Of such an action this court would have
no jurisdiction. Andrews v. Insurance Co., 3 Mason, 6, 16. The
present action cannot be sustained upon the terms of the policy
itself, because the loss occurred outside of the express limits of
the policy. The complaint is, in fact, an action for false and
fraudulent representations, by which the libelant was induced to
accept the policy, supposing that he was insured for the Sound,
when he was not. Such an action is not upon the policy itself, but
upon the negotiations leading to it. It is not brought like The
Electron, 48 Fed. Rep. 689, for any misrepresentations in the policy,
or for damages in the execution of the policy. The representa-
tions here are no part of the contract, but outside of it, and an-
terior, or preliminary to the contract, and as such not properly
maritime. Marquardt v. French, 53 Fed. Rep. 603; The Eli Whitney,
1 Blatchf. 360; The Eclipse, 135 U. S. 599, 10 Sup. Ct. Rep. 873.
As a tort, the case is not one of marine tort, because not arising
upon the water, or in course of navigation. The exceptions are,
therefore, sustained, and the libel must be dismissed; but, as the
court has no jurisdiction, without costs.