judgment to attach upon the property.    But this assumes that the title is in the assignee.    It was held in the Royer Wheel Company Case that the judgment, although against the firm, nevertheless attached as a lien to the real estate of the individual member of the firm.    My research has not enabled me to find a case where the precise point now presented has been considered.    But it seems to me that, if it be lawful for the individual member to retain from the firm's assignment his individual property, and that title to such property does not vest in the assignee, then, upon principle, it must follow that a creditor whose judgment is a lien can pursue that property.    That seems to be the case here.

If these views are correct, it follows that the judgment appealed from, so far as it dismissed the complaint upon the merits should be affirmed, with costs to the assignee; and so far as it dismissed the complaint, without passing upon the merits, it should be reversed, and new trial ordered, with costs to abide the event.    All concur.

(3 App. Div. 593.)

RELIANCE MARINE INS. CO. v. HERBERT et al.

(Supreme Court, Appellate Division, First Department.    April 10, 1896.)

MARINE INSURANCE—NOTICE—INSTRUCTIONS.

In an action by an insurance company to recover back money paid on a loss of coal based on the insured's failure to disclose that they were charterers of the barge by the capsizing of which the loss occurred, where the evidence of the notice to the company of such fact after loss and before payment was meager, and the only evidence as to whether the company had knowledge of that fact when the risk was taken was given by the company's agent, who testified that he had no notice, it was reversible error to permit the shipping clerk of the insured to testify that he knew that they were charterers, and that the company's agent saw his books before the policy issued, and on such evidence to submit to the jury the question of the company's notice at the time the risk was taken, the books of themselves giving no information as to the fact in question.

Appeal from circuit court, New York county.

Action by the Reliance Marine Insurance Company against Henry S. Herbert and others.    From a judgment for defendants, and an order denying a new trial, plaintiff appeals.    Reversed.

The action was brought to recover back moneys paid by plaintiff under a mistake of fact for a loss under a marine insurance policy.    The policy was issued March 1, 1891, to the Lehigh & Wilkesbarre Coal Company, on account of whom it might concern, insuring coal laden on board vessels, boats, or barges against perils of the sea, etc.    Thereafter, and about March 5, 1891, the coal company shipped 461 tons of coal on board the barge Macy, to be carried from Port Johnson across the bay to Fifty-Third street, East river, and there delivered to defendants.    The defendants, from the time the coal was loaded on the barge, were to be the owners of the coal.    March 6, 1891, plaintiff accepted this coal as one of the risks covered by the policy, and insured the same in the sum of $1,900; and on the same day, while the barge was being towed across the bay in New York, it capsized, and all the coal excepting 34 tons was lost.    Only 34 tons were delivered to defendants. About November 13, 1891, the coal company made proofs of loss of the coal; and thereafter, and on March 2, 1892, the plaintiff paid to the coal company, on account of the loss, $1,736.14, and the coal company paid the money so received to the defendants.    At the time the plaintiff paid the money to the

coal company, the coal company assigned and transferred to the plaintiff all their right, title, and interest in the coal lost, and the proceeds thereof, and all that could in any way be made, saved, or realized from the damage or loss, with full power to take and use all lawful ways and means to so make and save and realize said property or its proceeds. At the time the coal was shipped, and at the time it was lost, the defendants were the charterers of the barge which carried it. It is claimed by the plaintiff that it was not informed at the time the risk was taken that the owners of the coal were also the charterers of the barge on which it was shipped, and that the policy was therefore void. It is claimed by the defendants that the plaintiff was informed of this fact immediately after the loss, and that the payment of the money was therefore a voluntary payment, and made with knowledge of this fact; and the money cannot therefore be recovered back, on the ground that it was paid under a mistake of fact. The court charged the jury that the fact that the owners of the coal insured were also the charterers of the barge was a fact material to the risk, and that the plaintiff was entitled to be informed of this fact at the time the risk was taken; and if such information was not given, but the fact was suppressed, then the plaintiff had the right to repudiate the policy. The agent of the plaintiff who issued this policy testified that this information was not given him at the time the risk was taken. No evidence was given in the case tending to show that such information was given to the agent. The court, nevertheless, left to the jury, under the objection and exception of the plaintiff, the question of fact whether such information was given, or whether the fact was suppressed. There was conflicting evidence as to whether this information was given to the plaintiff after the loss, and before the money was paid.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, and O'BRIEN, JJ.

W. W. MacFarland, for appellant.

L. B. Adams, for respondents.

WILLIAMS, J. There seems to be no dispute as to the law charged by the trial court, that the suppression of the fact, when the risk was taken, that the owners of the coal and the charterers of the barge were the same persons, rendered the policy void, and enabled the plaintiff to repudiate it, and, if the plaintiff paid the amount of the loss while still in ignorance of this fact, it was entitled to recover back the money paid. Nor does there seem to be any dispute but that if the plaintiff acquired knowledge of this fact after the loss, and before the money was paid, it was a voluntary payment, was not paid under any mistake of fact, and could not be recovered back. The rights of the parties were therefore dependent upon the determination of the question as to when, if ever, the plaintiff acquired the knowledge of this fact. There was evidence on both sides, and quite conflicting, as to whether the plaintiff was informed of this fact after the loss, and before the payment of the money; and the finding of the jury upon this branch of the case should be conclusive upon us. There was no conflict of evidence as to the question whether the plaintiff was informed of this fact at the time the risk was taken. This question was therefore improperly submitted to the jury. The plaintiff excepted to its submission. The court said that there was no direct evidence of the fact; that the only witnesses in that connection were those of the defendant; and he left the question to be determined by the jury. The court permitted the shipping clerk of the coal company to testify that he knew of the fact in question at the time the risk was taken, and

his books were produced and put in evidence. This evidence, however, did not tend to show that the plaintiff had any knowledge of the fact in question. It appeared that the books were shown to the plaintiff's agent when the risk was taken, but that gave no information as to the fact in question. This is the only evidence to which the court could have referred in the charge, and the jury may very well have been misled by this evidence and the charge of the court, and may have based their verdict upon a finding that information of this fact was given to the plaintiff when the risk was taken. We do not think, in view of the meager evidence to support a finding that information of this fact was given to the plaintiff after the loss, and before the money was paid, that we can say that the jury based their verdict upon the finding of a voluntary payment, rather than the finding that the fact was not suppressed at the time the risk was taken. This error of the court calls for a reversal of the judgment and a new trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.