UNION FISH CO. v. ERICKSON.*

(Circuit Court of Appeals, Ninth Circuit. August 14, 1916.)

No. 2680.

1. ADMIRALTY ⬤═⫸13—JURISDICTION—MARITIME CONTRACT.
    A court of admiralty has jurisdiction of a suit for breach of a contract by which the libelant was employed for a year as master of a vessel, notwithstanding the fact that he was also required to assist at a fish-packing plant on shore when possible "without interfering with his duties as such master."
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 164–176; Dec. Dig. ⬤═⫸13.]

2. COURTS ⬤═⫸489(1)—CONCURRENT REMEDIES—EFFECT OF LOCAL STATUTES.
    A local statute of frauds cannot deprive one of the right to relief in a case where redress is afforded by the maritime law, and is sought to be availed of in a cause of action maritime in its nature, and depending in a court of admiralty of the United States.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1326; Dec. Dig. ⬤═⫸489(1).]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Suit in admiralty by John W. Erickson against the Union Fish Company. Decree for libelant, and respondent appeals. Affirmed.

H. W. Hutton, of San Francisco, Cal., for appellant.
F. R. Wall, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellant, as shown by the record, is a California corporation having its principal place of business at the city of San Francisco, engaged in fishing, and having a salting station at Pirate Cove, Alaska, and owning at the times in question a certain American vessel called the Martha. The ground of the libel, which was filed in the court below by the appellee, is as follows:

"That in the month of May, 1914, at said San Francisco, said respondent and said libelant entered into an oral contract or agreement of hiring, wherein and whereby it was mutually agreed that said libelant was to proceed to Pirate Cove, Alaska, and after arrival there to serve the respondent as master of said schooner Martha for a period of not less than one year, and also during said time to assist the manager of said respondent's salting station at said Pirate Cove when possible to do so without interfering with libelant's duties as said master of said schooner; that it was further agreed by said respondent and said libelant that said libelant was, during said time, to receive for said services wages at the rate of $55 a month and board and lodging for himself and his wife, and, at the end of not less than one year, transportation from said Pirate Cove to said San Francisco; that in accordance with said agreement said libelant proceeded to said Pirate Cove, where he arrived on or about the 12th day of June, 1914, and thereupon entered upon the performance of his duties as aforesaid, and continued to perform the same until the 18th day of July, 1914, when libelant was, by said respondent without fault on libelant's part, discharged from the services of said respondent, and libelant and his wife were thereupon by said respondent furnished with

transportation from said Pirate Cove to said San Francisco; that said respondent has paid libelant the aforesaid wages at the rate of $55 a month up to and including the 15th day of July, 1914, and furnished board and lodging to said libelant and his wife up to August 5, 1914, and for no further or other time; that on said 18th day of July, and at all times since then, said libelant was and has been and still is ready, willing, and able to perform his part of said contract of hiring; that because of the breach of said contract of hiring as aforesaid libelant has been damaged in a sum of not less than $1,430, which sum he asks this court to award to him."

[1] Certain of the points relied upon by the appellant are based upon its contention that a part of the contract is maritime in character and a part nonmaritime. We see no merit in the contention. It is conceded, as a matter of course, that the employment of the appellee by the appellant as master of the schooner was a maritime contract; but it is said that, because by the terms of the contract the libelant was also to help the company's agent at Pirate Cove in certain work on shore, there was no jurisdiction in admiralty.

In Alaska Packers' Ass'n v. Domenico, 117 Fed. 99, 54 C. C. A. 485, this court affirmed the jurisdiction in admiralty of a contract made by men who acted as seamen to and from salmon fishing grounds in Alaska, to work as fishermen during the season, and assist in canning fish on shore, and in loading them on board for transportation, and notwithstanding that the men while engaged in fishing slept on shore and mended their nets and cared for the fish on shore.

In North Alaska Salmon Co. v. Larsen, 220 Fed. 93, 135 C. C. A. 661, the contract which was the basis of the libel provided for the services of the libelant as a seaman, fisherman, beachman, trapman, "and such other services as might be required" by the appellant's superintendent; and the contention there made was that the above-quoted clause of that contract rendered it nonmaritime. In holding against that contention we cited with approval the case of Alaska Packers' Ass'n v. Domenico, supra, and also that of The Minna (D. C.) 11 Fed. 759, decided by Judge Brown, afterwards an Associate Justice of the Supreme Court, where he said:

"All hands employed upon a vessel, except the master, are entitled to a lien if their services are in furtherance of the main object of the enterprise in which he is engaged. * * * I do not regard the fact that libelant slept upon shore at night, and there reeled out and mended the nets, as qualifying in any way the nature of his contract. These services were merely incidental and subsidiary to his main contract."

In Keyser v. Blue Star S. S. Co., Ltd., 91 Fed. 267, 33 C. C. A. 496, it was held, among other things, that:

"Where a provision of a charter party for a foreign vessel, though not in itself maritime in character, is so connnected with the other stipulations therein as to render it an essential part of the contract, and it appears probable that without it the contract would not have been entered into by the owners, a court of admiralty has jurisdiction of an action for an alleged breach of such a provision."

In Church v. Shelton, 2 Curt. 271, 274, Fed. Cas. No. 2,714, Judge Curtis said that, the contract being maritime, the admiralty—

"will proceed to inquire into all its breaches, and all the damages suffered thereby, however peculiar they may be, and whatever issues they may involve."

And in Ben. Adm. (4th Ed.) § 143, it is said:

"If a contract is maritime in itself, it carries all its incidentals with it, and the latter, though nonmaritime in themselves, will be heard and decided."

See, also, Id. § 16.

It is perfectly apparent from the present contract that the main employment of the appellee by the appellant was for services as master of the schooner, and that his additional services in aid of the appellant's manager at Pirate Cove were purely incidental thereto, for it is in express terms declared that after arriving at that station the appellee should serve as master of the schooner for a period not less than one year, and during such time should also assist the appellant's manager there *when possible to do so without interfering with his duties as such master.*

It is also contended on the part of the appellant that the finding of the court below to the effect that the libelant was discharged without cause on July 18, 1914, was not sustained by the evidence, but an examination of it satisfies us that it is.

[2] The appellant's main point, however, is that the contract was absolutely void because of the then provision of the Civil Code of California which reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof. * * *" Section 1624.

Alaska Code, § 1044, contains the same provision. It is insisted that courts of admiralty are bound by that statutory provision, and therefore that there was no basis for the present libel.

In the case of Workman v. New York City, Mayor, etc., 179 U. S. 552, 560, 21 Sup. Ct. 212, 215 (45 L. Ed. 314), the court (four of the justices dissenting) distinctly adjudged that neither the local law nor any of the decisions of a state can deprive one of the right to relief—

"in a case where redress is afforded by the maritime law, and is sought to be availed of in a cause of action maritime in its nature and depending in a court of admiralty of the United States."

The judgment is affirmed.