## ISRAEL et al. v. MOORE & McCORMACK CO., Inc.

(District Court, S. D. New York. April 8, 1920.)

**Admiralty ⬮═►12—Court held not to have jurisdiction of action for return of freight.**

Where ship jettisoned a part of the cargo, unknown to shipper of coffee, who on arrival paid the whole freight due under the bills of lading, supposing the coffee was still on board, a court of admiralty has no jurisdiction of a libel for the freight paid on the part jettisoned, though the libel sets up a valid cause of action at law in quasi contract.

In Admiralty. Libel in personam by Leon Israel and Sam Israel, copartners trading under the firm name and style of Leon Israel & Bros., against the Moore & McCormack Company, Inc. On exceptions to jurisdiction of the court. Libel dismissed.

George V. A. McCloskey, of New York City, for exceptant.
Ray Rood Allen, of New York City, opposed.

LEARNED HAND, District Judge. The first question raised in this case is of the jurisdiction of the admiralty over the libel, which unquestionably sets up a valid cause of action at law in quasi contract. The facts are these: The libelant shipped coffee on the respondent's ship from Rio to New York. En route the ship jettisoned a part of the cargo unknown to the libelant, who on arrival paid the whole freight due under the bills of lading, supposing the coffee was still on board. The libel is for the freight paid upon the part jettisoned.

It appears to me impossible to decide the case without a regrettable refinement of reasoning, but we must be content to proceed from case to case, in the absence of any clear principles. The obligation resulting from the facts alleged is the mere creature of law, and it is only by a fiction that we call it a contract. If the payee ought not in good conscience keep the money, we say that he impliedly promises to pay it, which of course is quite untrue. Therefore, when a question arises of the jurisdiction of the admiralty over such an obligation, the relevant considerations should be those facts from which the law raises the obligation, not the mere form of the remedy or the fictitious promise.

In the case at bar the reason why the respondent ought not to keep the money is that he has not performed the contract of affreightment. He has been paid for something which he did not do, and has received a gift where none was intended. The ignorance of the libelant merely negatives what would otherwise be an effective bar to his recovery, the voluntary character of the payment. The question of the maritime nature of the obligation depends on whether it makes a difference that it was a maritime service which he failed to perform. I confess that I can see on principle no clear reason either way, but I think that the case of United Transportation, etc., Co. v. N. Y., etc., Transp. Co., 185 Fed. 386, 107 C. C. A. 442, which is authoritative upon me, controls. In that case the Circuit Court of Appeals assumed that the cross-libel stated a claim to recover back money paid for lighterage

services. These services had been in fact performed, but under contracts in which a common agent acted for both parties. The ground of the recovery was that the payment was more than the services were worth, and the allegation as to the common agent was necessary only to avoid the contract which fixed the rate, just as in the case at bar the libelant's ignorance of the fact is necessary to avoid the effect of a voluntary payment. Still the gravamen of the cross-libel was necessarily that the cross-libelant, being under such circumstances bound to pay only the fair value of the services, had paid something for which he had received nothing, had made involuntarily a gift.

It do not see any just distinction between paying for maritime services actually rendered more than one need, and paying for such services when not rendered at all. If any distinction is to be drawn, I should suppose that the first payment was closer to maritime matters than the second. The Oceana (D. C.) 148 Fed. 131, stands upon a genuine distinction, pointed out by Judge Hough, who also tried Union Transp., etc., Co. v N. Y., etc., Trans. Co., supra. The ship had agreed to deduct from the freight all disbursements paid by the charterer who mistakenly overpaid her. The right of recovery rested upon the ship's unfulfilled promise, and could indeed have been so pleaded at law, the payment and mistake in payment being successively pleaded in a voidance as plea and replication. The right to sue in indebitatus assumpsit should not obscure that very obvious difference.

The libelant urges The Gracie Chambers, 248 U. S. 387, 39 Sup. Ct. 149, 63 L. Ed. 318 and Allanwilde Transport Corp. v. Vacuum Oil Co., 248 U. S. 377, 39 Sup. Ct. 147, 63 L. Ed. 312, 3 A. L. R. 15. No point of jurisdiction was raised in those cases in any court, as both sides were extremely anxious to have the question authoritatively settled, because the embargo had raised many such cases involving in the aggregate a very large sum of money. The courts would not have been eager to take the point sua sponte, as they sometimes do. Rhederei, etc., v. Clutha Shipping Co. (D. C.) 226 Fed. 339. However, there is a clear distinction between the case at bar and those. They turned altogether upon the meaning of a clause in the charter parties, "retained and irrevocably ship lost or not lost." While it is true that the theory of the libel was that the shipper or charterer, as here, had paid for a service not rendered, it became necessary to construe a part of the charter party in order to ascertain whether or not the respondent was holding the money ex æquo et bono. That necessity might have drawn with it the whole case into the admiralty, had the point been urged.

Without attempting, therefore, to discuss the question in theory, if there, indeed, be any clear line of theory possible, which most people doubt, I think that I ought to follow the case cited. Perhaps in any event this is desirable, as it allows a determination of the question of jurisdiction an appeal at the outset, and, if I am right, will avoid a needless trial.

The libelant's exceptions I need not consider. Exceptions to the libel sustained. I assume that the libelant will not wish to amend, so the libel will be dismissed for lack of jurisdiction.