## THE DEVONA.

### DISTILLERIES CHEMICAL SUPPLY CO., Inc., v. WILLIAMS S. S. CO. et al.

(District Court, E. D. New York. March 19, 1921.)

Shipping ⬅149—Ship not liable for freight prepaid charterers on goods taken off by direction of captain.

Prepaid freight on goods, put on board a chartered steamship and taken off before the boat sailed by direction of the captain, is not recoverable by action in rem against the ship, where it was paid to the charterer's agent and never received by the shipowner, and the shipowner never authorized the charterer's agent to receive moneys in its behalf.

In Admiralty. Libel by the Distilleries Chemical Supply Company, Incorporated, against the steamship Devona, claimed by the Williams Steamship Company, in which the Caravel Steamship Lines, Incorporated, was brought in by petition. Libel dismissed, and decree granted against the Caravel Steamship Lines, Incorporated.

Haskel Corenthal, of New York City, for libelant.
Crowell & Rouse and E. C. Rouse, all of New York City, for claimant.

GARVIN, District Judge. A libel was filed against the steamship Devona to recover for freight paid by a shipper of formaldehyde and acetic acid, which were put on board and then taken off (at the direction of the captain) before the boat sailed. It appears that the Devona was chartered by the C. H. Pattengill Corporation, and that the freight

was paid to the Caravel Steamship Lines, Incorporated, agents for the latter corporation. The testimony establishes, too, I think, that while the boat's owner, the claimant, insisted upon a responsible charterer (C. H. Pattengill Corporation being satisfactory), it was willing that the Caravel Steamship Company might book freight for the vessel.

The claimant urges that no action in rem will lie to recover prepaid freight, even if the goods are received on board ship, unless the owner received the amount paid, and the court has been referred to no authority to the contrary. Prepaid freight is not necessarily recoverable, even if the goods actually went on board. The Bris, 248 U. S. 392, 39 Sup. Ct. 150, 63 L. Ed. 321; The Allanwilde, 248 U. S. 377, 39 Sup. Ct. 147, 63 L. Ed. 312, 3 A. L. R. 15; The Gracie D. Chambers, 248 U. S. 387, 39 Sup. Ct. 149, 63 L. Ed. 318. Indeed, the admitted receipt of goods on board does not necessarily make the ship liable for damages for failure to transport. The Esrom (C. C. A.) 272 Fed. 266, reversing The Esrom (D. C.) 261 Fed. 624. In the case at bar there is nothing to indicate that the claimant intended to give the Caravel Steamship Lines, Incorporated, authority to bind the ship by the receipt of freight, and the equities are with the claimant, which is asked to return moneys which it never received, and which it never authorized another to receive in its behalf. This appears to be one of the class of cases referred to by Judge Hough in The Saturnus, 250 Fed. 407, 162 C. C. A. 477, 3 A. L. R. 1187, wherein he said:

"This litigation exemplifies a common tendency to regard any floating property, used in the performance of contract, as in some sort a pledge or surety for satisfactory performance; such security to be enforced by asserted maritime lien. No such principle is known to the admiralty."

The libelant may have a decree against the Caravel Steamship Lines, Incorporated, which has been brought in by petition; but the libel against the steamship Devona must be dismissed.