## THE KOOTENAI.

## KOCKUMS MEKANISKA VERKSTADS AKTIEBOLAG v. UNITED STATES.

(District Court, E. D. New York. October 26, 1923.)

**Admiralty ⊚⇒12—Libel to recover cost of lighterage held within jurisdiction of admiralty.**

A libel to recover the cost of lighterage, which libelant was compelled to pay when the port authorities refused to allow the vessel to dock because she carried gasoline, which alleged that it was intended by the parties that libelant's cargo should be landed on the dock without lighterage expense, was within the jurisdiction of the court of admiralty, though libelant had paid the money to respondent, instead of to the lighterage company direct.

In Admiralty. Libel by the Kockums Mekaniska Verkstads Aktiebolag against the United States, as owner of the steamship Kootenai. On motion to dismiss libel for lack of jurisdiction. Motion denied.

Kelly & Blinn, of New York City (Oscar S. Blinn, of New York City, of counsel), for libelant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (J. Kennedy White, Sp. Asst. to U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

GARVIN, District Judge. This is an application by respondent for leave to amend the answer by setting up an additional defense, to wit, a denial of the jurisdiction of the court, and for an order dismissing the libel for lack of jurisdiction. Libelant does not oppose the amendment, and it is accordingly allowed.

The libel alleges that a shipper delivered to the respondent, or its agents, at the port of New York, a large quantity of specified goods consigned to libelant at the port of Malmo, Sweden; that, when the goods were delivered to respondent, the latter issued to the shipper at said port of New York 16 bills of lading covering said goods, whereby respondent undertook to transport the goods from the port of New York to said port of Malmo and there deliver them safely to libelant or its assigns; that the agreed freight charges have been paid to respondent, and that at all times mentioned the goods belonged to libelant; that respondent loaded the goods upon the steamship Kootenai at New York for transportation to Malmo; that before this steamship left New York the respondent loaded upon it a large quantity of gasoline in barrels, which had nothing to do with libelant's shipment; that it was intended by respondent and by the master of the steamship to land libelant's cargo at a dock or quay at Malmo, without lighterage expense; that, upon the arrival of the steamship at Malmo, the port authorities refused to allow her to come up to the dock in order to discharge libelant's goods, on the ground that she carried gasoline; that as a result libelant was obliged to pay one-half the cost of taking the goods ashore by lighter in order to obtain possession thereof, this payment being required by respondent as a condition of delivery and amounting to approximately $3,092.

Upon this state of facts the respondent insists that the action is to recover for money paid, and hence that no maritime contract is involved, such as would vest jurisdiction in a court of admiralty. In truth, libelant has paid money, or there would be no right of action; but this suit is not to recover money paid the respondent, as such (it happening merely as an incident that the money went to respondent in the first instance, instead of to the lightering company direct), but is rather for damages sustained to libelant because of respondent's failure to carry out what libelant claims a bill of lading required it to perform. The damage is measured by the amount libelant had to pay in order to obtain the goods to which it was entitled, as it claims, under the bill of lading. The respondent claims that under the bill of lading the lighterage was a proper charge against the cargo.

Respondent relies upon the case of Israel v. Moore & McCormack Co., Inc., 295 Fed. 919 (S. D. N. Y. April 8, 1920). In that case the court held that, where libelant, shipped goods on respondent's ship from Rio to New York, and en route the ship jettisoned a part of the cargo unknown to libelant, who on arrival paid the whole freight due under the bills of lading, supposing the goods to be still on board, the libel, which was for freight paid upon the part jettisoned, must be dismissed. The court considered that the case of United Transportation, etc., Co. v. N. Y., etc., Transp. Co., 185 Fed. 386, 107 C. C. A. 442, was controlling. The latter case held that admiralty has no jurisdiction in an action to recover payment, when such payment was for more than the services were worth. The court in the Israel Case observed: "The right of recovery rested upon the ship's unfulfilled promise." There is such a right in the case at bar, and, where the promise is asserted to appear in the bill of lading, admiralty has jurisdiction.

Motion to dismiss denied.