## THE THOMAS P. BEAL.

(District Court, W. D. Washington, N. D.  April 15, 1924.)

### No. 7512.

1. Admiralty ⬟1—Has no equitable jurisdiction to set aside contract.

A court of admiralty is without equitable jurisdiction to set aside a contract, either on the ground of mistake of law or of fact, or on the ground that it was obtained by fraud.

2. Release ⬟24(2)—One who seeks relief from release obtained by fraud must offer to return consideration.

A party seeking relief from the effect of a release obtained by fraudulent representation must first offer to return the money received as a consideration for the release.

3. Release ⬟37—Agreement not to sue one joint tort-feasor does not release other.

An agreement not to sue one joint tort-feasor, unless the claim is satisfied does not release the other joint tort-feasor.

4. Release ⬟37—Agreement not to sue particular party held not a "release."

An agreement not to sue one joint tort-feasor, which specifically states that it is not intended to affect any claim which injured party might have against another party, does not constitute a "release," since a release is a relinquishment of the claim, and essentially different from a covenant not to enforce the claim against the particular party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Release.]

5. Release ⬟7—Action on covenant not to sue as proper remedy.

Where, on libel against vessel, it brought in as an additional party a joint tort-feasor, whom libelant had covenanted not to sue, the remedy of such party was an action on the covenant.

6. Admiralty ⬟50—Claimant entitled to bring joint tort-feasor in as additional party.

On libel, the claimant had a right, under admiralty rule No. 56, to bring in joint tort-feasor as additional party.

In Admiralty.  Libel by Henry C. Holmes against the steamship Thomas P. Beal, claimed by the Crowell & Thurlow Steamship Company, in which the Western Stevedore Company was brought in as an additional party.  On exceptions to amended libel.  Exceptions denied.

The history of this case appears in decision filed February 21, 1924 ([D. C.] 295 Fed. 877), where the court, under rule 56, on the petition of the respondent ship, directed the bringing in of the Western Stevedore Company as an additional party.  Exceptions are filed to the amended libel, as shown by decision supra, by the claimant, on the ground that the amended libel does not state facts sufficient to constitute any claim or cause of action, and that the allegation in article 5 is irrelevant and immaterial and should be stricken. The Western Stevedore Company, the additional party, excepts to article 5 upon the ground that it seeks to cancel and set aside the covenant not to sue therein set out, and that the admiralty court has no power to afford relief; also that said article does not state a cause of action, and fails to contain any allegation that the amount paid has been tendered or offered to be returned to the libelant for the execution of the covenant not to sue.

⬟For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Othilia G. C. Beals, of Seattle, Wash., for libelant.

Bogle, Merritt & Bogle, of Seattle, Wash., for claimant and petitioner.

Stephen V. Carey and Donworth, Todd & Higgins, all of Seattle, Wash., for respondent Western Stevedore Co.

NETERER, District Judge.  [1] It is primer law that a court of admiralty is without equitable jurisdiction to set aside a contract, either on the ground of mistake of law or of fact, or on the ground that it was obtained by fraud.[1]

[2] It is also the rule in this circuit that a party seeking to be relieved from the effect of a release obtained by fraudulent representation must first offer to return the money received as the consideration for the release. Hill et al. v. N. P. Ry. Co., 113 Fed. 915, 51 C. C. A. 544; Mahr v. U. P. Ry. Co., 170 Fed. 699, 96 C. C. A. 19. It is, I think, by creditable authority held that a receipt in full in the nature of a release for injury sustained, but not under seal, will not defeat an action at law in a federal court, where fraud inducing the settlement pursuant to which it was given is charged, and does not require the maker to resort to equity for cancellation. Such v. Bank of State of New York (C. C.) 127 Fed. 450.

[3] The execution of an agreement not to sue one joint tort-feasor, unless the claim is satisfied, does not operate as a release of the other joint tort-feasor. City of Chicago v. Babcock, 143 Ill. 358, 32 N. E. 371; Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; Hunt v. N. Y., etc., R. R. Co., 212 Mass. 102, 98 N. E. 787; Betcher v. McChesney, 255 Pa. 394, 100 Atl. 124.

[4] In the instant case the instrument challenged is not a release. It specifically sets out that it is not intended to affect in any way any claim that the libelant may have against any party other than the Western Stevedore Company. A release is a relinquishment of the claim, and is essentially different from a covenant, which merely agrees not to enforce the claim against the particular party but does not prohibit suit against the other party. Such agreement will not be construed a release. Tuthill v. Babcock, 24 Fed. Cas. 392, No. 14,275; Scriba et al. v. Dean, 21 Fed. Cas. 870, No. 12,559.

[5] The party who holds the covenant must be left to his action upon the covenant. Matthey v. Gally, 4 Cal. 63, 60 Am. Dec. 595; Foster v. Purdy, 5 Metc. (Mass.) 442.

[6] The libelant did not sue the Western Stevedore Company. The respondent vessel, under rule 56, brought it in as an additional party, which it had a right to do. There is no merit in the exceptions of either of the respondents, and each is denied.

[1]Andrews v. Essex Ins. Co., Fed. Cas. No. 374; Brown v. Lull, Fed. Cas. No. 2018; Suffolk Bank v. Lincoln Bank, Fed. Cas. 13,590; Kynoch v. S. C. Ives, Fed. Cas. No. 7,958; The Eclipse, 135 U. S. 599, 10 Sup. Ct. 873, 34 L. Ed. 269; The Owego (D. C.) 289 Fed. 263; Simmons Trans. Co. v. Alpha Portland Cement Co. (D. C.) 286 Fed. 955; United Trans., etc., Co. v. New York & Balt. T. Line, 185 Fed. 386, 107 C. C. A. 442; The Sappho (D. C.) 89 Fed. 366; Meyer v. Pacific Mail S. S. Co. (D. C.) 58 Fed. 923.