## HOME INS. CO. OF NEW YORK v. MERCHANTS' TRANSP. CO.

(District Court, W. D. Washington, S. D. May 29, 1926.)

No. 5323.

Admiralty ⬡10—Insurance company's action to recover payment made under maritime policies in reliance on alleged misrepresentations of defendant held not within admiralty jurisdiction.

Insurance company's action to recover money paid under maritime policies, on ground that payment had been made in reliance on misrepresentations made by defendant affecting its compliance with provisions of policies relating to seaworthiness, *held* not within admiralty jurisdiction.

In Admiralty. Libel by the Home Insurance Company of New York against the Merchants' Transportation Company. On respondent's exceptions to libel. Exceptions sustained.

Bogle & Bogle, of Seattle, Wash., for libelant.

Ellis, Fletcher & Evans, of Tacoma, Wash., for respondent.

CUSHMAN, District Judge. Respondent cites United Transportation & Lighterage Co. v. New York & Baltimore Transp. Line, 185 F. 386, 389, 391, 107 C. C. A. 442; The Richard Winslow (D. C.) 67 F. 259; Same on appeal, 71 F. 427, 18 C. C. A. 344; Pacific Coast S. S. Co. v. Ferguson, 76 F. 993, 22 C. C. A. 671; Marquardt v. French (D. C.) 53 F. 603; City of Clarksville (D. C.) 94 F. 201; 1 Benedict, Admiralty (5th Ed.) § 62, p. 82; Williams v. Providence Washington Ins. Co. (D. C.) 56 F. 159; Higgins & Co. v. Anglo-Algerian S. S. Co. (D. C.) 242 F. 568–571; The Eclipse, 135 U. S. 599, 10 S. Ct. 873, 34 L. Ed. 269; The Union (D. C.) 20 F. 539; Fox et al. v. Patton (D. C.) 22 F. 746; Doolittle v. Knobeloch (D. C.) 39 F. 40; The Poznan (C. C. A.) 9 F.(2d) 838; Ramsey v. Allegre, 12 Wheat. 611, 6 L. Ed. 746; The New England Marine Ins. Co. v. Dunham, 11 Wall. 1, 20 L. Ed. 90; The Humboldt (D. C.) 86 F. 351; The Thomas P. Beal (D. C.) 298 F. 121; Israel et al. v. Moore, etc. (D. C.) 295 F. 919; Andersen & Co. v. Susquehanna S. S. Co. (D. C.) 275 F. 989; Virginia, etc., v. Chesapeake, etc. (C. C. A.) 279 F. 684; N. P. Ry. Co. v. Department Public Works, 125 Wash. 428, 217 P. 13; O.-W. R. & N. Co. v. W. T. & Rubber Co., 126 Wash. 565, 219 P. 9; Parker v. Lancaster, 84 Me. 512, 24 A. 952; Bend v.

Hoyt, 13 Pet. 263, 10 L. Ed. 154; Cavers v. Home Tel. & Tel. Co., 117 Wash. 299, 201 P. 20; New York Life Ins. Co. v. Chittenden, 134 Iowa, 613, 112 N. W. 96, 11 L. R. A. (N. S.) 233, 120 Am. St. Rep. 444, 13 Ann. Cas. 408; Alton v. First National Bank, 157 Mass. 341, 32 N. E. 228, 18 L. R. A. 144, 34 Am. St. Rep. 285; Sears v. Grand Lodge, 163 N. Y. 374, 57 N. E. 618, 50 L. R. A. 204; Meyer v. Pacific Mail S. Co. (D. C.) 58 F. 923; The Ada, 250 F. 194, 162 C. C. A. 330; Aktieselskabet Fido v. Braziliero (C. C. A.) 283 F. 62; The Eclipse, 135 U. S. 599, 10 S. Ct. 873, 34 L. Ed. 269; 1 Cyc. 831; 2 R. C. L. p. 778 to 784.

Libelant cites 1 C. J. 1266, 1267; Insurance Co. v. Dunham, 11 Wall. 1, 20 L. Ed. 90; De Lovio v. Boit, 7 Fed. Cas. 418, No. 3,776; The John Francis (D. C.) 184 F. 746; Allanwilde Trans. Corp. v. Vacuum Oil Co., 248 U. S. 377, 39 S. Ct. 147, 63 L. Ed. 312, 3 A. L. R. 15; International Paper Co. v. The Gracie D. Chambers, 248 U. S. 387, 39 S. Ct. 149, 63 L. Ed. 318; Israel v. Moore (D. C.) 295 F. 919; Furness Shipping, etc., Co. v. Barber (C. C. A.) 6 F.(2d) 779; Distilleries Chemical Supply Co. v. Williams S. S. Co. (D. C.) 272 F. 275; Keyser v. Blue Star S. S. Co., 91 F. 267, 33 C. C. A. 496; Paterson v. Dakin (D. C.) 31 F. 682; Prentice v. United States (D. C.) 58 F. 702; The Volunteer, Fed. Cas. No. 16,991; Church v. Shelton, Fed. Cas. No. 2,714; The Oceano (D. C.) 148 F. 131; The Isle of Mull (C. C. A.) 278 F. 131; U. S. Shipping Board, etc., v. Banque, etc. (C. C. A.) 286 F. 918; Union Fish Co. v. Erickson, 235 F. 385, 148 C. C. A. 647; North Alaska Salmon Co. v. Larsen, 220 F. 93, 135 C. C. A. 661; The Dolphin, Fed. Cas. No. 3,973; 33 C. J. 4, § 710; 38 C. J. 1163, § 482; Phœnix Ins. Co. v. Parsons, 129 N. Y. 86, 29 N. E. 87; Reliance Mar. Ins. Co. v. Herbert, 3 App. Div. 593, 38 N. Y. S. 373; Scottish, etc., Assur. Co. v. Samuel, [1923] 1 K. B. 348; The Lewis Luckenbach (C. C. A.) 7 F.(2d) 793, 1926 A. M. C. 28.

Libelant insurance company sues for the recovery of money paid by it to respondent upon two of its policies. The libel is excepted to for want of admiralty jurisdiction. It appears from the libel that one of the policies was upon the hull of a vessel; that the other was for marine risks for disbursements and/or earnings; that during the period covered, and within the limits of the policies, the vessel became a total loss; that incorrect proofs of loss were made, and the amount of the policies paid.

It is alleged that under the first policy there was an implied warranty that if the there was no warranty of seaworthiness, but vessel was sent to sea in an unseaworthy condition, with privity of the assured, the insurer would not be liable for loss attributable to unseaworthiness; that under the second policy there was an implied condition that the vessel would be seaworthy at the commencement of each voyage; that these provisions were breached, and the vessel was, with privity of the assured, sent to sea in an unseaworthy condition and lost; that proofs of loss were submitted to libelant by respondent, in which it was represented that the respondent had complied with all the provisions of the policies; and that libelant, in ignorance of the true facts and in ignorance of the misrepresentations made in the proofs, paid the losses.

There appear no cited cases directly upon the point in question, but it is reasonably clear that, because of the nature of the suit, there is no jurisdiction to try it in a court of admiralty. United Transp. & L. Co. v. New York & Baltimore T. Line, 185 F. 386, 388–390, 107 C. C. A. 442, and cases there cited; Ramsey v. Allegre, 12 Wheat. 611, 6 L. Ed. 746; Israel et al. v. Moore & McCormack Co. (D. C.) 295 F. 919; The Thomas P. Beal (D. C.) 298 F. 121; Meyer et al. v. Pacific Mail S. Co. (D. C.) 58 F. 923; The Ada, 250 F. 194, 162 C. C. A. 330; Fox et al. v. Patton et al. (D. C.) 22 F. 746; Higgins & Co. v. Anglo-Algerian S. S. Co. (D. C.) 242 F. 568–571; Williams v. Providence Washington Ins. Co. (D. C.) 56 F. 159.

The principle involved is the same as that considered by the court in Luckett v. Delpark, 46 S. Ct. 397, 70 L. Ed. ——, decided by the Supreme Court April 12, 1926, involving the question of whether that case arose under the patent laws, wherein the court followed the rule first announced in Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, and said:

"But when the patentee exercises his choice, and bases his action on the contract, and seeks remedies thereunder, he may not give the case a double aspect, so to speak, and make it a patent case conditioned on his securing equitable relief as to the contract."

So, in the present case, before any question of maritime law can arise or be considered, libelant must first establish that it parted with the money sought to be recovered relying upon misrepresentations made by respondent. This fact ousts the admiralty jurisdiction.

If it be conceded that the decision in Keyser v. Blue Star S. S. Co., 91 F. 267, 33 C. C. A. 496, is at variance with the conclusion reached, it will be noted that the court in that case, not without doubts, arrived at its decision; for the court says:

"The question it presents is not without difficulty, and many of the adjudged cases tend to support the appellant's contention; * * * while exact precedents may not exist which directly support the jurisdiction of this case, it seems to us that the analogies of the better considered of the American cases, and the manifest trend of decisions in this country, do support it."

But it is not clear that this decision is opposed to the conclusion which I have reached in the instant case; for in the Keyser Case the maritime contract involved was a charter party; that is, a contract between the vessel owners and the charterer. The recovery sought in the suit was for an overcharge made by the charterer for advances made by it to the captain in a port foreign to the ship and owners, and which the captain discharged by delivery to charterers of a draft upon the owners at 30 days, and which draft the charterers transferred (apparently before maturity) and the owners upon its presentation paid. This payment by the owners, therefore, was not their settlement with, and payment by them to, the charterer. The only thing at all in the nature of a settlement had been with the captain, and it, at most, was only a partial settlement.

The question before the court was one of a number of charter provisions. The court said, in deciding this case:

"It is true that the mere fact of this agreement being embraced in the charter party would not of itself give it the character of a maritime contract; but its relation to the other stipulations of the charter party may be such (and, we think, appears to be such) as to connect it with the contract into which the parties were entering—a contract of an undisputed maritime character—and in such a manner as to authorize the parties to apply to a court of admiralty to inquire into any alleged breaches of this stipulation."

From this it appears that the court concluded that this provision was incidental to an otherwise maritime contract, and because it was only incidental the admiralty jurisdiction was not ousted. In the instant case it is no minor provision of a maritime contract that is involved. The fruits of all defendant's interests under these policies are at stake.

In The Thomas P. Beal, (D. C.) 295 F.

877, in a contract containing maritime and nonmaritime covenants, where the substance of the whole issue was maritime, the court upheld jurisdiction. In Union Fish Co. v. Erickson, 235 F. 385, 148 C. C. A. 647, affirmed in 248 U. S. 308, 39 S. Ct. 112, 63 L. Ed. 261, where the services contracted for were mainly upon the sea, though provision for nonmaritime service was also made therein, in a suit on its contract the jurisdiction was upheld. Had it not appeared in these cases that nonmaritime matters were incidental to those maritime, the opposite would have been the rule. California-Atlantic S. S. Co. v. Central Door & Lumber Co., 206 F. 5, 124 C. C. A. 139; Pacific Coast S. S. Co. v. Ferguson, 76 F. 993, 22 C. C. A. 671.

The exceptions to the court's jurisdiction in admiralty is upheld.