**C. BREWER & CO., Limited, et al. v. AMERICAN PRESIDENT LINES, et al.**

District Court, S. D. New York.

Nov. 24, 1944.

Bigham, Englar, Jones & Houston, of New York City (John W. R. Zisgen, of New York City, of counsel), for libelants.

Hardin, Hess & Eder, of New York City (Monroe Collenburg, of New York City, of counsel), for respondents.

HULBERT, District Judge.

Libelants sue in personam in Admiralty joining five respondents "in causes of contract and recovery of prepaid freight charges" covering shipments of cargoes by the S/S Sirdhana, owned by the British India Steam Navigation, Ltd., from Calcutta and Singapore to Hong Kong, there to be transhipped by a vessel of the Canadian Pacific Railway Company to Vancouver, B. C. The Sirdhana was sunk by a mine before her arrival at Hong Kong and her cargo was a total loss.

The Canadian Pacific Railway Company moved to dismiss the libel for lack of jurisdiction, urging that the attempted exercise thereof by this court would be in violation of Article 1, Sec. 8, Clause 3 of the United States Constitution.

Judge Mandelbaum denied the motion as a matter of discretion, D.C., 37 F.Supp. 230, pointing out that 7 of the 10 libelants were American citizens, a corporation respondent was an American citizen, some of the other respondents had agents within the district, and all had been served with process, and the convenience of witnesses would not be any better served by a trial in the Canadian courts.

When the case finally came on for trial on Nov. 1st, 1944, all of the claims had been settled except those of Woods Manufacturing Co. Ltd., Blue Ribbon, Ltd., and Kelly Douglas & Co., Ltd., all Canadian corporations, against the Canadian Pacific Railway Company.

At the opening of the trial, the respondent renewed its motion to dismiss, asserting:

(1) That this court is forum non conveniens.

(2) That cause of action is not one properly cognizable in Admiralty, citing Israel v. Moore & McCormack Co., D. C. 295 F. 919.

However, a stipulation of facts had been agreed upon so that only questions of law were presented, except that the through bills of lading issued by the respondent to the respective libellants expressly provided that all claims arising thereunder should be settled according to the law of England, which, of course, it was necessary to prove as a fact.

Considering that this suit has been pending since October 30, 1940, and a dismissal of the libel would necessitate commencing suit anew in the Canadian courts, decision on the motion was reserved and proof of the law of England was taken.

Two bills of lading were issued at Calcutta; a through bill of lading, in duplicate, to the libellants by the respondent, whose agent received the prepaid freight. The other, a single bill of lading by the British India Steam Navigation, Ltd., to the respondent. No part of any of the cargo ever reached the respondent's vessel by transhipment, but it seems clear that since it had the bill of lading from the original carrier, delivery to the latter constituted delivery to the respondent and, while there are inconsistent provisions in the two separate bills of lading, the terms of the through bill of lading govern. Two pertinent provisions are:

"EW 15 Prepaid freight is earned on receipt of the goods by the Carrier and is not returnable whether goods or ship be lost or not."

"EW 22 * *; freight if payable at any other place than at destination to be paid ship or goods lost or not and whether the voyage be complete or not, and to be due in full in exchange for Bill of Lading * * *"

Under American law the libellants might recover at least the unearned freight, but it seems to be quite firmly established that under the English law the prepaid freight is not recoverable when the ship is lost. Byrne v. Schiller, 1871, 25 Law Times Reports 211. While this case involved but a single carrier, the earlier case of Greeves v. West India & Pacific Steamship Co., 22 Law Times Reports 615, held the law of England to be no different when there were several carriers on a through bill of lading. The latter case never reached the House of Lords, but the former did, and the doctrine of the Greeves case (by implication) and the Byrne case (expressly) have been recognized in Fibrosa v. Fairbairn Lawson, etc., 1942 All England Reports. Lord Simon said, at page 126 E: "The ancient and firmly established rule that freight paid in advance is not returned if the completion of the voyage is frustrated, Byrne v. Schiller (1871) * * * should, I think, be regarded as a stipulation introduced into such contracts by custom, and not as the result of applying some abstract principle.

And so, a fortiori, if there is a stipulation that the prepayment is 'out and out' "

And Lord Wright added: "The irrecoverable nature of the payment is there determined by custom or law, unless the contract provides for the contrary."

And this court does not find any clause in the bill of lading that is to the contrary.

The motion to dismiss will be denied in all respects and the respondent may have a decree dismissing the libel upon the merits.

Submit suggested findings and proposed degree, and notice of settlement.