## Babcock & Wilcox Co. *v.* Pioneer Iron-Works *et al.*

*(Circuit Court, S. D. New York. March 22, 1888.)*

1. Patents for Inventions — Anticipation — Steam Generators — Letters Patent No. 90,506.

    In a steam generator of that class in which the water is contained in a series of tubes inclined upward from the fire front, active circulation of the water is necessary to success in making steam. The steam, therefore, is carried to a chamber above, but in its passage some water goes with it. If this water is allowed to fall back towards the high end of the tubes from which the steam comes, the circulation is impeded. Crawford (letters patent No. 90,506, of May 25, 1869, to Benjamin Crawford) made the ends of the tubes to open into chambers, called "boxes," which communicate with each other, and the chambers at the high end to communicate with the steam-chamber above. He placed the reservoir of supply above, and communicating downward into the chambers at the lower end, and connected the lower part of the steam-chamber with this reservoir. This arrangement takes the water from the steam-chamber to the supply and into the circulation forward, and effectually prevents the obstruction which it would cause by being left to take the other course. *Held* not anticipated by English letters patent No. 652, of 1863, to one Inglis; the water carried with the steam into the steam-chamber, or accumulated there by condensation, being liable in that improvement to find its way into the chamber at the lower end of the tubes, and to be drawn into the upward circulation through the tubes again, and to fall back the other way.

2. Same.

    The first two claims of letters patent No. 90,506 of May 25, 1869, to Benjamin Crawford, for an "improvement in steam generators" relate principally to the intercommunicating chambers or boxes at the ends of the series of tubes inclined upward from the fire front. *Held* invalid, such communicating devices being old.

3. Same — Construction of Claim.

    The third claim is for the water reservoir connected with the steam-drum, "or other part," in combination with the inclined tubes, substantially as described. *Held* valid, the phrase "or other part" creating no uncertainty in view of the fact that the connection would not be substantially as described unless the connection should be between the water reservoir and the steam-drum, or some other part similar to the steam-drum.

4. Same.

    The fifth claim brings other parts into a combination with the same arrangement. *Held* valid, so far as it included the third.

5. Same — Infringement.

    The steam generator of defendants had the inclined tubes, the communicating chambers, and the steam-drum connected at the lower part with the water reservoir. The location of the parts, however, was somewhat different from that in the third claim of letters patent No. 90,506, of May 25, 1869, to Benjamin Crawford, for an "improvement in steam generators," but they accomplished the same thing by the same means and in the same way. *Held* an infringement.

6. Same — Letters Patent No. 175,548 — Patentability.

    The first claim of letters patent No. 175,548, of April 4, 1876, to Babcock & Wilcox, for an "improvement in sectional steam generators," is for a tube connecting the steam-drum with other parts, and united to them by expanded, instead of screw, joints. *Held*, the joints and their advantages being old, that the invention was not patentable; the only new thing that was done being to use the joints in the places indicated, and that amounting merely to a good selection from among known joints and involving only good workmanship.

7. Same — Actions for Infringement — Joint Infringers — Compromise — Stipulation.

    The bill charged a joint infringement by P. and S., which "said defendants are jointly concerned in and connected with," by the manufacture by P. for

sale by S. of the patented article. Pending suit the patent expired, and P. settled by written stipulation under seal; the money paid "to cover the costs of complainant in this suit against P., and all damages for the infringement by said P. of the letters patent sued on." It was also provided that the settlement should not release S., "all such claims and demands being expressly reserved." *He d*, both P. and S. being liable for all the infringement by either as maker, seller, or user, that the stipulation discharged S. both as to costs and as to damages.

8. SAME—PLEADINGS—AMENDMENTS TO CORRESPOND TO PROOF.

Where witnesses have been examined as to prior patents which are material upon the question of anticipation, and which were not set up in the answer, nor formally put in evidence, but which have been treated as regularly in the case for that purpose, on the argument and in the consideration of the cause, a motion made and submitted with the case for the amendment of the answer, and for the allowance of the patents, as being formally in evidence, will be granted in order to make the case complete.

In Equity. Bill for infringement against the Pioneer Iron-Works and the Safety Steam Generator Company.

*Samuel R. Betts* and *Benjamin F. Thurston*, for complainants.

*Edward N. Dickerson, Sr.*, and *Edward N. Dickerson, Jr.*, for respondent, Safety Steam Generator Company.

WHEELER, J. This suit is brought upon three patents: No. 90,506, dated May 25, 1869, and granted to Benjamin Crawford, for an improvement in steam generators; No. 98,490, dated January 4, 1870, and granted to Griffith, Wundram, and Muller, for an improvement in sectional steam generators; and No. 175,548, dated April 4, 1876, and granted to Babcock and Wilcox, for an improvement in sectional steam generators. On the argument infringement of the first, second, third, and fifth claims of the first and the first claim of the last is relied upon. The first claim of the last patent is for a tube connecting the steam-drum with other parts, and united to them by expanded, instead of screw, joints. The expanded joint appears to a slight extent to be like a ball and socket joint, and to admit of small movements of the parts without causing a leak. Such a joint seems to be peculiarly useful in those connections on account of necessary changes in the relative position of the parts caused by expansion and contraction and otherwise. But such joints and their advantages are conceded to have been old and well known before, so that the only new thing done was to use one in this place. This was merely a good selection from among known joints, and involved good workmanship, and apparently nothing more. It does not seem to come up to a patentable invention. *Railroad Co.* v. *Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220; *Miller* v. *Foree*, 116 U. S. 22, 6 Sup. Ct. Rep. 204. These generators are of that class in which the water is contained in a series of tubes inclined upward from the fire front. Active circulation of the water through the heated parts of the tubes is necessary to success in making steam; and as there is no room for steam in the tubes it must be carried to a chamber above, and some water will go with it. If this water is left to fall back towards the high ends of the tubes from which the steam comes it impedes the circulation. Prior to Crawford's invention there was no arrangement, so far as has been made to appear, to compel it to go to the lower end of the tubes and take its place with

water from the supply in the circulation upward through the tubes again. He made the ends of the tubes to open into chambers, called boxes, which communicated with one another, and the chambers at the high end to communicate with the steam chamber above; and he placed the reservoir of supply above, and communicating downward into the chambers at the lower end, and connected the lower part of the steam chamber with this reservoir. This arrangement takes the water from the steam chamber to the supply, and into the circulation forward, and effectually prevents the obstruction which it would cause by being left to take the other course. The invention described in English letters patent No. 652, granted to one Inglis, in 1863, comes nearest to this arrangement of anything shown, as an anticipation. In that, as understood, the water carried with the steam into the steam chamber, or accumulated there by condensation, might find its way into the chamber at the lower end of the tubes, and be drawn into the upward circulation through the tubes again, and might fall back the other way and obstruct the circulation. The first two claims relate principally to the boxes forming the communicating chambers at the ends of the tubes. Such communicating devices are shown to have been known before. The third claim is for the water reservoir connected with the steam-drum, or other part, in combination with the inclined tubes, substantially as described. Some question is made about the exactness of this claim on account of the expression, "or other part." The connection would not be substantially as described unless the connection should be between the water reservoir and the steam-drum, or some other part similar to the steam-drum. Therefore that is what is understood by that expression, which, with that understanding, creates no uncertainty. That claim appears to cover this new arrangement, and to be valid. The fifth claim brings other parts into a combination with the same arrangement, and would appear to be valid so far as it is included in the third. The steam generator of the defendants has the inclined tubes, the communicating chambers, the steam-drum connected at the lower part with the water reservoir; and their description of its operation in their circular put in evidence is the same as that mentioned of the invention of Crawford. The location of the parts is somewhat different, but they appear to accomplish the same thing by the same means in substantially the same way, and to have thereby infringed the third claim of this patent. Whether they infringe the fifth or not is not material, for an infringement of that would be an infringement of this, and the consequences of an infringement are not varied, so far as known by the number of claims infringed.

This patent has expired, and no occasion for an injunction against further infringement of it is made to appear. No question of liability or relief is left, except as to profits and damages. With reference to those the defendant Pioneer Iron-Works appears by written stipulation with the orator under seal to have settled with the orator since the suit was brought, and while it was in readiness for final hearing, and to have paid to the orator $6,500 "in cash, to cover the costs of the complainant in this suit against said Pioneer Iron-Works, and all damages for the in-

fringement by the said Pioneer Iron-Works of the letters patent sued on," but "not to discharge or license any parties who may have used or may hereafter use any infringing apparatus heretofore or hereafter made by the Pioneer Iron-Works, except as herein expressly stated, nor shall it release the Safety Steam Generator Company; all such claims and demands being expressly reserved." The defendant the Steam Generator Company insists that this settlement is a full answer to any further claim by the orator against that company on account of this infringement. The bill charges a joint infringement, which "said defendants are jointly concerned in and connected to" by the manufacture by the Pioneer Iron-Works, for sale made by the Safety Steam Generator Company, of steam generators containing each and all of the inventions contained in each and all of these letters patent. The answer denies all infringement. The evidence meagerly shows that the generators of the defendants contain the invention of this third claim. The infringement of a patent is in the nature of a trespass upon the exclusive rights of the owner of the patent secured by it, for which an action would lie at common law. Bull. N. P. 75. The action would be an action on the case, as for a tort, in which all who participate are principals, and for which they are jointly and severally liable for the whole. 1 Chit. Pl. 141; 2 Greenl. Ev. § 487. This is the form of action mentioned in the statutes. Rev. St. U. S. § 4919; *Moore* v. *Marsh*, 7 Wall. 515; *Mowry* v. *Whitney*, 14 Wall. 620; Co. Litt. § 376, laid down this:

"Also if two men doe a trespasse to another, who releases to one of them by his deed all actions personalls, and notwithstanding sueth an action of trespasse against the other, the defendant may wel shew that the trespasse was done by him, and by another, his fellow, and that the plaintife by his deed (which he sheweth forth) released to his fellow all actions personals, and demand the judgment, &c., and yet such deed belongeth to his fellow, and not to him."

This seems to be good law to this day. 2 Greenl. Ev. § 30; *Eastman* v. *Grant*, 34 Vt. 387. A plaintiff is entitled to but one satisfaction of his cause of action, whether but one or many may be liable, or whatever the form of action may be. *Fowell* v. *Forrest*, 2 Saund. 48*a; Lovejoy* v. *Murray*, 3 Wall. 1. If the damages are actually paid by one, that is a sufficient satisfaction for all. If such payment is acknowledged by deed, the actual consideration cannot be inquired into. If the plaintiff had brought suit against the Pioneer Iron-Works alone, on the proofs in this case, as here understood and considered, judgment would have been recovered for all the infringement involved. After the satisfaction of such judgment no action could be maintained against the Safety Steam Generator Company for the same infringement, because the plaintiff would be fully satisfied for that. The infringement by one is the same as that by the other; and when satisfaction is made for that, the whole is satisfied. The payment and acknowledgment of it cover all damages for the infringement by the Pioneer Iron-Works, and that includes all the infringement involved in this case, and covers all damages for it. The agreement expressly provides that the Safety Steam Generator Company shall not be released, but, whether released or not, the orator has no unsatis-

fied claim to recover upon against that company. This case differs in this respect from *Chamberlin* v. *Murphy*, 41 Vt. 110, where part satisfaction was received from some of the defendants, and they were discharged without affecting the liability of the others for the residue. There the payment was received for but a part, and the rest of the cause of action was expressly reserved. Here the payment is received for all the damages, and only the liability of the other defendant, so far as this case is concerned, is reserved. That liability was reduced to nothing when all the damages were paid.

The orator urges that the recovery of damages from a manufacturer for infringement does not relieve a seller or user, afterwards, from liability, and that even the recovery of damages from a seller would not relieve a subsequent user; and argues from these premises that the Safety Steam Generator Company is or may be liable beyond the Pioneer Iron-Works. *Birdsell* v. *Shaliol*, 112 U. S. 485, 5 Sup. Ct. Rep. 244. But as this case now stands, both of the defendants were liable for all the infringement by either as maker, seller, or user, and all the damages for all of this have been paid. Nothing is left in that or any other view which has been presented or suggested itself. This result may not have been, and probably was not, intended by the orator and the Pioneer Iron-Works, in doing what they did; still the conclusion that such is the legal effect of it seems to be unavoidable. As there is no relief to which the orator appears to be entitled against the Safety Steam Generator Company, the bill must be dismissed as to that company.

This conclusion would have rendered any inquiry into the original liability of that company unnecessary but for the question of costs. There are no costs for which one defendant was liable that the other was not, that are made to appear. All the costs for which one defendant was liable are paid. There are none for which the other was liable remaining to be recovered or paid. But both were liable for costs, and neither was entitled to any, as the case has turned, when the costs were incurred. For that reason neither has ever become entitled to costs. The stipulation provides for an injunction against the Pioneer Iron-Works.

Witnesses appear to have been examined as to some prior patents which are material as to questions of anticipation, and which were not set up in the answer, nor formally put in evidence, but have been treated as regularly in the case for that purpose on the argument and in the consideration of the case. Motion was made, and submitted with the case, for the amendment of the answer, and the allowance of these patents as being formally in evidence. That motion is granted to make the case complete.

Let an order be entered for the amendment of the answer, and the allowance of these patents in evidence; and let a decree be entered for an injunction against the Pioneer Iron-Works, according to stipulation, and dismissing the bill as to the Safety Steam Generator Company, without costs, and without prejudice to the validity of the third claim of the Crawford patent.