KROPIDLOWSKI, Respondent, vs. PFISTER & VOGEL LEATHER COMPANY, Appellant.

*April 5—April 23, 1912.*

*Torts: Joint wrongdoers: Release of one, when releases all: Writing construed: Intention: Covenant not to sue.*

An instrument under seal whereby an injured person, in consideration of sums paid to him, released one of two joint wrongdoers from all actions, claims, and demands on account of the injury, and covenanted not to sue that one, but stated that it was expressly understood that said sums were received not as an accord and satisfaction for the whole injury suffered, but only as a part satisfaction thereof, is construed, in accordance with the manifest intention, not to be a technical release within the rule that a release of one joint wrongdoer releases all, but to be merely a covenant not to sue; and, so construed, it is not a bar to an action against the other wrongdoer.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

The complaint in this action alleged that on or about April 23, 1910, plaintiff was employed by the Herman Zohrlaut Leather Company in its factory, and that the defendant herein delivered to said company certain carboys of acid; that plaintiff in the performance of his duties was required to remove the carboys from the yard to the store room; that the stopper in

the neck of one of the carboys was defective, in that it was improperly placed therein, and that while plaintiff was handling the carboy the stopper blew out, the acid coming in contact with his eyes, as a result of which he lost the sight of one and sustained injuries to the other.    The answer denied generally the allegations of the complaint, and as a second defense pleaded the following release as a bar to recovery against defendant:

"Received from Herman Zohrlaut Leather Company the sum of one thousand dollars ($1,000), and the payment of medical and hospital bills due Dr. George Mason and St. Mary's Hospital, amounting to $58 and $32.59 respectively, both for services rendered me on account of the below mentioned accident, and in consideration of said sums so paid, I hereby release and forever discharge said Herman Zohrlaut Leather Company, its successors and assigns, of and from any and all actions, claims and demands against said Herman Zohrlaut Leather Company, for, upon or by reason of any damage, loss, injury or suffering which heretofore has been or which may hereafter be sustained by me in consequence of an accident and injury suffered by me on or about the 23d day of April, 1910, while in the employ of said Herman Zohrlaut Leather Company, and I hereby covenant and agree with said Herman Zohrlaut Leather Company that in consideration of the payment of said sums, I will not begin or prosecute any action against said Herman Zohrlaut Leather Company on account of said accident or injuries.

"It is expressly understood, however, that said sums are received not as an accord and satisfaction for the whole injury suffered, but only as part satisfaction thereof.

"In witness whereof I have hereunto set my hand and seal at Milwaukee, Wis., this 19th day of December, 1910.

"(Signed)    JOSEPH KROPIDLOWSKI.    (Seal.)"

Plaintiff demurred to defendant's second defense on the ground that it did not state facts sufficient to constitute a defense, which demurrer was sustained, and from an order sustaining the demurrer this appeal is taken.

For the appellant there was a brief by *Lines, Spooner, Ellis*

& *Quarles,* and oral argument by *Charles V. Quarles* and *Louis Quarles.*

For the respondent there was a brief by *Kronshage, Fritz & Hannan,* and oral argument by *T. J. Hannan.*

BARNES, J.   The appellant maintains that the instrument set forth in the statement of facts is a release under seal of one of two joint wrongdoers, and that the legal effect of the document is to release and discharge both.   The respondent contends that the so-called release should be construed as a covenant not to sue the Herman Zohrlaut Leather Company, and not as a technical release, and that, so construed, it does not bar a recovery from the appellant for the difference between the amount of damages sustained and the sum already paid by the Zohrlaut Company.   The question is an interesting one, and it may be fairly said at the outset that, while the decided cases preponderate in favor of the contention of the appellant, the reasoning which supports them seems to be technical, artificial, and unsatisfactory.

The general rule that a release of one joint wrongdoer releases all is elementary.   The same is true where the party who is wronged receives a valuable consideration from one of two or more joint wrongdoers as an accord and satisfaction of the whole injury.   While the cases may differ to some extent as to the reason for the rule stated, most courts base it on the assumption that the injured party has received full satisfaction, or what is in law equivalent to full satisfaction, for the damages sustained, and that recovery should not go beyond this.

The alleged release here involved recites that the sums paid were not received "as an accord and satisfaction for the whole injury suffered, but only as part satisfaction thereof," and clearly indicates an intention on the part of the respondent to reserve the right to collect the balance of his damages from the other wrongdoer.

The appellant contends that this portion of the document is contrary to the terms of the grant and should be rejected as mere surplusage, and that inasmuch as one of the wrongdoers was released there is a conclusive presumption of law that there was full compensation for the injury and the cause of action is wholly extinguished. Judge Cooley states the rule to be that the release of one joint tortfeasor releases all, "although the release expressly stipulates that the other defendants shall not be released." 1 Cooley, Torts (3d ed.) 235, 236, and cases cited in note 81. The author continues: "And this rule is held to apply even though the one released was not in fact liable." Page 236 and cases cited in note 82. Additional cases to the proposition covered by the first of the above quotations will be found in a note to *Abb v. N. P. R. Co.* (28 Wash. 428, 68 Pac. 954) 58 L. R. A. 297, and further citations will be found in the comprehensive notes to the late case of *McBride v. Scott,* 132 Mich. 176, 93 N. W. 243, as reported in 1 Am. & Eng. Ann. Cas. 62, 63.

Some of our own cases bear upon the subject under discussion, but do not cover the precise point involved. *Ellis v. Esson,* 50 Wis. 138, 147, 6 N. W. 518, is a leading case on the proposition that where there is partial satisfaction by one of two or more joint wrongdoers, coupled with a covenant not to sue the party making the payment, and the right is reserved to prosecute the other wrongdoer for the unpaid balance of the demand, there is only a satisfaction *pro tanto* and there is neither a release nor an accord and satisfaction of the entire damage, and recovery of the unpaid portion of the damage may be had from the other wrongdoers. The opinion also states that all the authorities hold that a technical release of one of two or more joint wrongdoers, under seal, discharges them all and is a bar to an action against any or all of them. The general doctrine of this case is approved in *Pogel v. Meilke,* 60 Wis. 248, 250, 18 N. W. 927, and again in *Bishop*

*v. McGillis,* 82 Wis. 120, 126, 51 N. W. 1075, where it is said:

"The plaintiff might also agree for a consideration not to sue one, and could still maintain an action or actions against the others, unless he had executed a technical discharge under seal, or received some consideration as an accord and satisfaction of the whole injury."

None of these cases deal with a situation where the alleged instrument of release showed on its face that it was given in partial satisfaction only of the claim, and neither do they help us in determining whether such a document is in fact a release or something else. The doctrine of *Ellis v. Esson* had some support in the books when the case was decided, and it may now be said that it is the general rule.

A fair construction of the instrument involved in this case is that the respondent intended to absolve the Zohrlaut Company from further liability in consideration of the partial satisfaction by that company of the damages claimed and that respondent intended to collect the remainder of the damages from the appellant. This the latter claims cannot be done because a release of one was a release of all. If a release implies full satisfaction, then it is apparent that no such satisfaction was received and that to call the instrument a full release is a misnomer.

The rule contended for by the appellant originated with the English courts and at a time when an instrument under seal was surrounded by a strong odor of sanctity. These courts seem to have abandoned the rule and to have substituted therefor a more logical and humane one by which the whole intention of the parties is carried out. To avoid the effect of one firmly established fiction they adopted another and construed documents such as the one before us as covenants not to sue instead of releases. *Price v. Barker,* 4 El. & Bl. 760; *Selly v. Forbes,* 2 Brod. & Bing. 38 (6 Eng. C. L. 11);

*Thompson v. Lack,* 3 C. B. (54 Eng. C. L.) 540; *Payler v. Homersham,* 4 M. & S. 423; *Bateson v. Gosling,* L. R. 7 C. P. 9. Some of these cases involved releases from joint and several contract obligations, but the rule is the same in tort actions, as will appear from *Duck v. Mayeu,* [1892] 2 Q. B. 511, 513. The Vermont court has held that the release of one joint tortfeasor in part satisfaction for the tort, when the release states that the sum paid is received in partial satisfaction only, does not release the other tortfeasors as to the unsatisfied portion of the damages. *Sloan v. Herrick,* 49 Vt. 327. Decisions from the New York courts can be found on both sides of the question, but the final word as expressed in *Gilbert v. Finch,* 173 N. Y. 455, 66 N. E. 133, is that an instrument which is in form a release of one joint tortfeasor, and which recites that it is given in partial satisfaction only of the damages and that the releasor intends to pursue his remedy against the other tortfeasors for the balance of the compensation to which he is entitled, will be held to be merely a covenant not to sue and will not defeat the right of action against those who are not released. The authorities are reviewed in this case, and the court in substance says that the conclusion reached is not only in conflict with the majority of the decisions of other courts, but is also in conflict with a number of decisions of the New York courts. There are other cases to the effect that an instrument such as we are considering should be treated as a covenant not to sue. *Parmelee v. Lawrence,* 44 Ill. 405, 412, 413; *Edens v. Fletcher,* 79 Kan. 139, 98 Pac. 784; *Berry v. Gillis,* 17 N. H. 9; *El Paso & S. R. Co. v. Darr* (Tex. Civ. App.) 93 S. W. 166, 169; *Mc-Crillis v. Hawes,* 38 Me. 566; 1 Parsons, Contracts (9th ed.) 28. Referring to the general rule that a release of one joint tortfeasor releases all, it is said in 34 Cyc. 1087:

"The logical and legal soundness of this rule, however harsh its application may be in the particular case, is undoubted,

provided the sealed instrument is once construed to be a release, but to escape the application of this principle where it would work injustice and defeat the evident intention of the parties, the modern tendency of the courts is to construe, if possible, such instruments as covenants not to sue, which accordingly do not release the co-obligors."

What has been stated as the general rule seems to be not only illogical but arbitrary, as applied to such a document as the one before us. It entirely overrides the manifest intention of the party who executes the release. Contrary to the general rule applicable to the construction of writings, it gives an effect to the instrument which is at variance with the meaning of the words used. All joint tortfeasors are severally liable for the entire damage inflicted. The respondent here might pursue the appellant and collect his entire damages from it, if he were able to establish a legal liability. Since a settlement was made with one joint tortfeasor, it may well result in a benefit to the appellant instead of an injury, because there has been partial compensation and the sum paid as such compensation cannot be again recovered. There are some cases which recognize the right of contribution between wrongdoers. 1 Cooley, Torts (3d ed.) 254 *et seq.* But if this case should be brought within the principle of the decisions there cited the respondent's cause of action would still remain, and at most the right of contribution could only affect the amount of recovery. We do not think that a construction of the so-called release should be adopted which would operate to defeat the intention of the parties instead of effectuating that intent. Neither do we think that what is at best manifestly intended to be a partial release should be held to be a complete one because the word "release," which has a technical meaning in the law, happens to be used. If a release implies full satisfaction, then it is apparent that there has not been full satisfaction, and consequently there has been no release in the

technical sense, and that the intention of the parties will be best carried out by treating the agreement as a covenant not to sue.  It follows that the order of the circuit court was right.

*By the Court.*—Order affirmed.