ROSEVILLE TRUST COMPANY

*v.*

HARVEY MOTT et al.

[Decided December 20th, 1915.]

1. *4 Comp. Stat. 1910 p. 5663 § 22*, under which a trust company was incorporated, giving the commissioner of banking and insurance authority on finding certain conditions after investigation, to take possession of its property and business as against its directors, and to collect and distribute its assets, as amended by *P. L. 1913 p. 282*, providing that when the commissioner finds a trust company's violation of its charter or its conduct of business in an unsafe or unauthorized manner, he may take possession of its property and business, until it shall resume business or its affairs are finally liquidated, and collect moneys due the company, conserve its assets and business, and liquidate its affairs, and in the name of the company prosecute and defend all suits, was not unconstitutional as depriving the company of its property without due process of law or at all, as the property is thereby better secured when those who owed it debts are made to pay them.

2. In a suit by such commissioner in possession of a trust company's property and business for the losses to the company resulting from their negligence as directors, defendants were in no position to raise the objection that the statute authorizing the commissioner's possession was unconstitutional as a deprivation of the company's property without due process of law, as the statute did not affect their rights or touch the question of their liability.

3. In such bill a paragraph alleging that some of the directors had made partial restitution of losses to the commissioner in settlement of his claims against them, severally on behalf of the trust company, pursuant to an agreement and to the statute without prejudice to the causes of action against the other directors, did not enure to the benefit of all the directors, so as to bar the suit, as their liability was a joint and several liability.

*Mr. Roger Hinds, Mr. William A. Kirk* and *Mr. Edward F. Clark,* for the complainants.

*Mr. Otto A. Stiefel* and *Mr. Abram H. Cornish,* for the defendants.

STEVENS, V. C.

This is a bill filed by George M. LaMonte as commissioner of banking and insurance on behalf of and in the name of the Roseville Trust Company. It charges that the commissioner as such, having concluded that it was unsafe and inexpedient for the company to continue its business, took possession of its property and business pursuant to the provisions of an act entitled "An act concerning trust companies" (Revision of 1899), as amended by chapter 171 of the laws of 1913. It charges further that the company was insolvent and that the insolvency was produced by the criminal negligence of its directors.

The application is to strike out the bill on the ground—*first,* that the commissioner of banking is without right or title to bring this suit, the act of 1913, under which he is proceeding, being unconstitutional; *second,* that the commissioner has released certain of the directors and that his release has enured to the benefit of all; *third,* that the allegations of the bill are not sufficiently specific and that they do not state a cause of action.

The first objection is grounded upon the idea that the act of 1913 is unconstitutional in that it authorizes the commissioner to take possession of the property and business of the company and to collect and distribute its assets on his own motion and without judicial warrant. The act (*P. L. 1913 p. 282*) provides, *inter alia,* that whenever it shall appear to the commissioner that any trust company has violated its charter or is conducting its business in an unsafe or unauthorized manner,

"the commissioner may forthwith take possession of the property and business of such trust company and retain such possession until such trust company shall resume business or its affairs be finally liquidated as herein provided. * * * Upon taking possession of the property and business of such trust company, the commissioner is authorized to collect monies due to such trust company and do such other acts as are necessary to conserve its assets and business and shall proceed to liquidate the affairs thereof as hereinafter provided. The commissioner shall collect all debts due and claims belonging to it,"

and "may in the name of such trust company prosecute and defend any and all suits and other legal proceedings."

The act further provides that whenever the company of whose property and business the commissioner has taken possession deems itself aggrieved thereby, it may at any time within ten days after such taking possession apply to the court of chancery to enjoin further proceedings. This it has not done.

Assuming that the defendants are in a position to take the objection, it is a very narrow one. By the terms of section 22 of the act of 1899 (*Comp. Stat. p. 5654*), under which the company was incorporated, the commissioner was authorized to take the same possession for the same reasons. In the event that he found after investigation that a certain condition of things existed, possession of the company's property and business was to pass from the directors to himself. This was part of the contract impliedly incorporated into the charter. The precise objection must therefore be that the legislature had no right by amendment, after the trust company had been organized, to provide that to the possession and business so taken should be added the right to preserve it by reducing choses in action into possession, and by enforcing other claims. Such an insistment does not seem to me to be even plausible. The company is not thereby deprived of its property, without due process of law or at all. On the contrary the property is all the better secured when those who owe it debts or duties are made to pay or perform them. A similar act has been sustained by the New York court of appeals. *Carnegie Trust Co.* v. *Kress, 109 N. E. Rep. 1068.*

But the defendants are in no position to raise the objection. The property taken is the company's; not the defendants'. If anybody is aggrieved, it is the company, and the company does not complain. If it had felt itself aggrieved, it might according to the act itself, at any time within ten days after possession taken, have appealed to this court, or if it questioned the right of the commissioner on constitutional grounds, it could have applied to the supreme court.

The trust company sues the defendants for the losses resulting from their negligence. The defendants answer that the company is being managed by one who has a legislative but not a constitutional warrant to do so. Whether he has or not, is quite irrelevant to the question whether the directors have failed in

their duty. The law is settled that it is only in cases where a statute affects the rights of the parties to the proceeding that courts will pass upon the question of its constitutionality. *Lang* v. *Bayonne, 74 N. J. Law 455; State* v. *DeLorenzo, 81 N. J. Law 613.* Here the statute does not in the remotest degree touch the question of the directors' liability. They are liable to the corporation in the same way and to the same extent whether those who are managing the corporation have, *de jure,* a right to manage it or not; whether the statute be or be not constitutional. Just as well might the defendants object that at the time the suit was instituted there were two boards, each claiming to be the rightful manager; one a *de facto* board in actual control, and another a *de jure* board, entitled to control. This court could not, even in a direct proceeding, determine which was the legal board (*Kean* v. *Union Water Co., 52 N. J. Eq. 813*), and much less, as it seems to me, can it in this proceeding, pass upon the commissioner's title.

It is next insisted that a release has been given to some of the directors and that this enures to the benefit of all and is a bar to the suit. The paragraph relied upon reads as follows:

"32. That W. P. O., W. F. [and others named] have made partial restitution of said losses, which your orator has accepted from them respectively in settlement of his claims against them severally on behalf of said Roseville Trust company, pursuant to an agreement duly made with said directors on December 10th, 1913, and pursuant to the express provisions of the statute, but without prejudice to the causes of action against the other directors as herein alleged."

In *Crane* v. *Alling, 15 N. J. Law 423,* it was held that a release to one of two joint and several obligors is a release to both, but that a covenant not to sue one of several obligors does not have the effect of a release except to the one to whom it is given. In *Bowne* v. *Mt. Holly National Bank, 45 N. J. Law 360,* the court of errors held that a technical release under seal given to one of several obligors, if it provide that it is not intended to release or discharge the others, will be construed as a covenant not to sue. There has been some conflict of decision on this question elsewhere (*McBride* v. *Scott, 93 N. W. Rep. 243; Dwy* v. *Connecticut Co., 92 Atl. Rep. 883*), but

any discussion of it here is out of place, for the question is settled by our own court of last resort.

The liability of the directors of the Roseville Trust Company is a joint and several liability. The agreement made with those who have settled is not, as far as appears, a technical release; but if it be, it contains a reservation of the right to sue and so will not operate as a discharge of those who are not parties to it. It would, because of the reservation, still be construed as a covenant not to sue.

The third objection is that the bill is not sufficiently specific. As to this, a careful perusal of the bill shows that it is drawn according to approved precedents. *Halsey* v. *Ackerman, 38 N. J. Eq. 501; Wilkinson* v. *Dodd, 42 N. J. Eq. 235, 647.* Its allegations are "as circumstantial and definite as the rules of pleading require." It would answer no useful purpose to go over them, paragraph by paragraph. It is sufficient to say that, taken as a whole, a clear case of negligence is presented. If a bill of particulars "may be justly required," the court may in its discretion order it. *P. L. 1915 p. 192 § 32.*

I think the application should be denied.