SCHMIDT, A. B. A. VALLEY BUS CO. v. AUSTIN, et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3002.    Decided May 31, 1927.

1089.    SETTLEMENT — Release — Partial Satisfaction—Where there is concurrent negligence upon the part of two tort feasors, the release and discharge of one upon full settlement and satisfaction is not a bar to prosecution against the remaining tort feasor where the compensation received is not intended and is not in fact, full compensation.

923—PLEADINGS—Bill of Exceptions— Where reply to supplemental answer of remaining defendant denies that said defendant was released, an issue of fact is made on the question of the bar in the absence of a bill of exceptions.

First Publication of this Opinion

HAMILTON, PJ.

This action was brought by John Austin in the Hamilton Common Pleas against the Union Gas and Electric Co. and William Schmidt for damages by reason of injuries suffered as a result of a collision. Separate answers were filed by the Gas Co. and by Schmidt. On date of trial, the Gas Co. was dismissed. Thereupon Schmidt filed a supplemental answer alleging that the Gas Co. and Austin entered into an agreement of settlement and release whereby the Gas Co. paid Austin a certain sum of money in full satisfaction and discharge of all claims arising out of matters complained of in the petition.

Austin replied, admitting that he had settled his claims against the Gas Co., and had dismissed it. The trial proceeded to trial against Schmidt and a verdict was returned against him in the sum of $500.

Error was prosecuted and it was claimed that the admission in the reply of Austin presents a bar to the prosecution of the claims against Schmidt; and that the burden of proving that the settlement was not a settlement in full of all claims arising out of the collision, was upon Austin. The Court of Appeals held:—

1. Conceeding that the burden was upon the plaintiff to show that the settlement of the Gas Co. was in full claims, in the absence of a bill of exceptions, this question cannot be weighed. The question must be determined on the pleadings since the motion of Schmidt, non obstante verdicto, only goes to the pleadings.

2. Partial satisfaction for injuries received, not intended to be a settlement in full, and not received as, nor in fact being full compensation, cannot inure to the other tort feasor, whose concurrent negligence caused the injury. Adams Express Co. v. Beckwith, 100 OS. 348; Poehl v. Traction Co., 4 Abs. 250.

3. A fair construction of the language of Austin's reply is that the plaintiff settled his claims against the Gas Co., and released and discharged it; but denied he has released Schmidt, and denied that the settlement was in full satisfaction of the matters complained of in the petition. This makes an issue of fact on the question of the bar and in the absence of a bill of exceptions, the evidence on this issue is not presented.

Judgment therefore affirmed.

(Cushing and Buchwalter, JJ., concur.)

Attorneys—Carl Lehman and Albert H. Leeker for Schmidt; August Rendings, Jr., Edward L. Meyer for Austin; Bolsinger & Benham and Joseph Heintzman for Gas Co.; all of Cincinnati.