Citing in support of appellant's contention that an agreement not to sue one joint tort-feasor which expressly reserves the right to sue another joint tort-feasor, does not operate as a discharge of the tort-feasor thus expressly excluded: Carey v.Bilby, 129 Fed. 203, 63 C.C.A. 361; Berry v. Pullman Co., 249 Fed. 816, L.R.A. 1918F, 358, 162 C.C.A. 50; Barnett v.Conklin, 268 Fed. 177; The Thomas P. Beal, (1924) 298 Fed. 121; Gamble v. Brown, (1928) 29 F.2d 366; The RossCoddington, (1930) 40 F.2d 280; Steenhuis v. Holland, (1927) 217 Ala. 105, 115 So. 2; Wright v. McCord, (1920),205 Ala. 122, 88 South, 150; Wallner v. Barry, (1929)207 Cal. 465, 279 P. 148; Dwy v. Connecticut Co., (1915)89 Conn. 74, Ann. Cas. 1918D, 270, L.R.A. 1915E, 800, 92 A. 883;Young v. Anderson, 33 Idaho, 522, 50 A.L.R. 1060, 196 P. 193; Parry Mfg. Co. v. Crull, (1913) 56 Ind. App. 77,101 N.E. 756; Pike County Coal Co. v. Farrabee, (1923)79 Ind. App. 210, 137 N.E. 680; Miller v. Beck, 108 Iowa, 575,79 N.W. 344; Edens v. Fletcher, (1908) 79 Kan. 139, 19 L.R.A. (n.s.) 618, 98 P. 784; Scott v. Kansas *Page 259 State Fair Assn., 102 Kan. 653, 171 P. 634; Feighley v. C.Hoffman Son Milling Co., 100 Kan. 430, 165 P. 276; Topeka
v. Brooks, 99 Kan. 643, 164 P. 285; Standard Sanitary Mfg.Co. v. Brian's Admr., (1928) 224 Ky. 419, 6 S.W.2d 491;Marcus v. Checker Cab Co., (1929) 10 La. App. 297, 120 So. 408; McAllester v. Sprague, 34 Me. 296; McCrillis v.Hawes, 38 Me. 566; Shriver v. Carlin Fulton Co., (1928)155 Md. 51, 58 A.L.R. 767, 141 A. 434; Matheson v. O'Kane,211 Mass. 91, Ann. Cas. 1913B, 267, 39 L.R.A. (n.s.) 475,97 N.E. 638; Edblad v. Brower, (1929) 178 Minn. 465, 227 N.W. 493;Waterman-Fouke Lumber Co. v. Miles, (1924) 135 Miss. 146,99 So. 759; McDonold v. Goddard Grocery Co., (1914)184 Mo. App. 432, 171 S.W. 650; Judd v. Walker, 158 Mo. App. 156,138 S.W. 655; Ridenour v. International Harvester Co., (Mo.App.)205 S.W. 881; Myers v. Kennedy, 306 Mo. 268, 267 S.W. 810;Fitzgerald v. Union Stock Yards Co., 89 Neb. 393, 33 L.R.A. (n.s.) 983, 131 N.W. 612; Wiseblood v. Omaha Merchants'Express Transfer Co., 98 Neb. 757, 154 N.W. 539; Tankersley
v. Lincoln Traction Co., 101 Neb. 578, 163 N.W. 850; Stacy v.F.M. Hoyt Shoe Co., (1928) 83 N.H. 281, 141 A. 467; Martel
v. Wallace, (1928) 83 N.H. 276, 141 A. 470; Masterson v.Berlin St. Ry., (1927) 83 N.H. 190, 139 A. 753; La Monte v.Lurich, 86 N.J. Eq. 26, 100 A. 1031; Gilbert v. Finch,173 N.Y. 455, 93 Am. St. Rep. 623, 61 L.R.A. 807, 66 N.E. 133;Walsh v. New York Cent. H.R.R. Co., 204 N.Y. 58, 37 L.R.A. (n.s.) 1137, 97 N.E. 408; Adams Express Co. v. Beckwith, (1919) 100 Ohio St. 348, 126 N.E. 300; Schmidt v. Austin, (1927) 26 Ohio App. 240, 159 N.E. 850; Harn v. InterstateBuilding Loan Co., (1920) 77 Okla. 265, 188 P. 343; Lisle
v. Anderson, 61 Okla. 68, L.R.A. 1917A, 128, 159 P. 278;Bland v. Lawyer Cuff Co., 72 Okla. 128, 178 P. 885;Pennington v. Bevering, (1928) (Tex.Civ.App.)9 S.W.2d 401; Thomas v. Pugh, (1928) (Tex.Civ.App.) 6 S.W.2d 202;J. Rosenbaum Grain Co. v. Mitchell, (Tex.Civ.App.)142 S.W. 121; St. Louis, I.M. S.R. Co. v. Bass, (Tex.Civ.App.)140 S.W. 860; Robertson v. Trammell, *Page 260 37 Tex. Civ. App. 53, 83 S.W. 258; Sloan v. Herrick, 49 Vt. 327;Bloss v. Plymale, 3 W. Va. 393, 100 Am. Dec. 752; Ellis v.Esson, 50 Wis. 138, 36 Am. Rep. 830, 6 N.W. 518;Kropidloroski v. Pfister Vogel L. Co., 149 Wis. 421, 39 L.R.A. (n.s.) 509, 135 N.W. 839; Natrona Power Co. v. Clark,31 Wyo. 284, 225 P. 586.
Satisfaction of a cause of action as to one of two or more joint wrongdoers discharges the cause of action as to all, even though it is attempted to reserve the cause of action as to others. (Hawber v. Raley, 92 Cal.App. 701, 268 P. 943;Flynn v. Manson, 19 Cal.App. 400, 126 P. 181; Chetwood
v. California Nat. Bank, 113 Cal. 414, 45 P. 704; Abb v.Northern Pacific Ry. Co., 28 Wn. 428, 92 Am. St. Rep. 864, 58 L.R.A. 293, 68 P. 954; Randall v. Gerrick, 93 Wn. 522, L.R.A. 1918D, 179, 161 P. 357; Larson v. Anderson,108 Wn. 157, 6 A.L.R. 621, 182 P. 957; Sunset Copper Co. v.Black, 125 Wn. 565, 217 P. 5; Stusser v. Mutual UnionIns. Co., 127 Wn. 449, 221 P. 331; McBride v. Scott,132 Mich. 176, 102 Am. St. Rep. 416, 1 Ann. Cas. 61, 61 L.R.A. 445, 93 N.W. 243; Lindsay v. Acme Cement Plaster Co., 220 Mich. 367,190 N.W. 275; Moffit v. Endtz, 232 Mich. 2,204 N.W. 764; Farmers' Sav. Bank v. Aldrich, 153 Iowa, 144,133 N.W. 383; Ducey v. Patterson, 37 Colo. 216, 119 Am. St. Rep. 284, 11 Ann. Cas. 393, 9 L.R.A. (n.s.) 1066, 86 P. 109; Seither v.Philadelphia Tr. Co., 125 Pa. St. 397, 11 Am. St. Rep. 905, 4 L.R.A. 54, 17 A. 338; McLaughlin v. Monaghan, 290 Pa. St. 74, 138 A. 79; Coleman v. Gulf Refining Co., 172 Ark. 428,289 S.W. 2; Dulaney v. Buffum, 173 Mo. 1, 73 S.W. 125;Clark v. Union Electric etc. Co., 279 Mo. 69, 213 S.W. 851;Eastman v. Grant, 34 Vt. 387, 390; Babcock Wilcox Co. v.Pioneer Iron Works, 34 Fed. 338; Clabaugh v. SouthernWholesale Grocers' Assn., 181 Fed. 706; Tanana Trading Co. v.North American Trading etc. Assn., 220 Fed. 783, 136 C.C.A. 389; Spiess v. Sommastrom Ship *Page 261 Bldg. Co., 272 Fed. 109; The Adour, 21 F.2d 858; Ruble
v. Turner, 2 Hen. M. (Va.) 38; Sircey v. Hans Rees Sons,155 N.C. 296, 71 S.E. 310; 22 Cal. Jur., sec. 12, p. 763; 1 Cooley on Torts, 3d ed., 235.)
This is an action to recover damages for personal injuries sustained by plaintiff in a collision between a Buick automobile driven by Thomas Whalen, with whom plaintiff was riding as a guest, and a Chevrolet automobile driven by defendant. The collision occurred at the intersection of Harrison Avenue and Rowe Road in Butte; the avenue runs north and south, the road east and west. The Buick car was going south, the Chevrolet north, and had they continued in the same directions the accident would not have happened. But defendant chose to turn to the left, to go west on Rowe Road. As he turned the cars collided; who was to blame?
Plaintiff alleged that the Buick car had the right of way, and that defendant negligently and without signal or warning suddenly changed his course, driving directly in the pathway of the approaching Buick, causing the collision. Plaintiff pleaded various city ordinances and the violation thereof by defendant. Defendant denied negligence on his part, himself pleaded city ordinances and the violation thereof by Whalen; alleged, interalia, that Whalen was driving the Buick automobile at an excessive rate of speed and in a careless and imprudent manner; that Whalen was intoxicated; that plaintiff was riding on the front seat with him, and, with full knowledge and appreciation of his negligent and careless acts, made no effort to prevent him from so driving, and did not request him to stop or even to slow down. Defendant also pleaded accord and satisfaction. The affirmative allegations of the answer are denied by the reply.
Upon the trial plaintiff introduced testimony and rested. The only evidence offered by defendant was an agreement entered into between plaintiff on the one part, and Thomas *Page 262 
Whalen and the National Cash Register upon the other. Thereupon the court, of its own motion, directed a verdict in favor of defendant, upon which judgment was entered, and from which this appeal is prosecuted.
1. Counsel for defendant insists that the judgment can be[1] sustained for the reason that there is no substantial evidence tending to show that defendant was negligent. Without entering into a discussion of the evidence bearing upon the point, we are of the opinion that there was some substantial testimony tending to show that defendant drove from Harrison Avenue into Rowe Road and directly in front of the approaching automobile driven by Whalen, without giving a signal or warning of any kind. If this is so, he was negligent. It is true that plaintiff's evidence upon the point is not altogether clear, but, taking it altogether, the question presented is one of fact for a jury, not one of law for the court.
We have often said that no cause should ever be withdrawn from[2, 3] the jury unless the conclusion from the facts necessarily follows as a matter of law that no recovery can be had upon any view which reasonably can be drawn from the facts which the evidence tends to establish. (McCabe v. MontanaCentral Ry. Co., 30 Mont. 323, 76 P. 701; Boyd v. GreatNorthern Ry. Co., 84 Mont. 84, 274 P. 293, and cases cited.) A nonsuit or a directed verdict in favor of the defendant in a personal injury case is proper only where the evidence is undisputed, or susceptible of but one construction by reasonable men, and that in favor of the defendant, or where the evidence is in such condition that, if the jury were to return a verdict in favor of the plaintiff, it would become the duty of the court to set it aside. (McKeon v. Kilduff, 85 Mont. 562, 281 P. 345;Rau v. Northern P. Ry. Co., 87 Mont. 521, 289 P. 580.)
2. Whether the plaintiff, a guest, was guilty of contributory[4] negligence was also for the jury. The rule is that the negligence of the driver of an automobile is not generally imputed to the passenger; but this does not absolve the passenger *Page 263 
from taking such precautions for his own safety as under the particular circumstances are reasonable (Laird v. Berthelote,63 Mont. 122, 206 P. 445; Grant v. Chicago, M. St. P. Ry.Co., 78 Mont. 97, 252 P. 382); in other words, the passenger is not absolved from the duty of using ordinary care for his own safety (Sherris v. Northern P. Ry. Co., 55 Mont. 189,175 P. 269).
Plaintiff was riding on a front seat, a "jump-seat," of[5] Whalen's car. Just before the accident she had turned and was conversing with her friends on the rear seat. She did not observe defendant's car turning to the west until, momentarily glancing to the front, she observed the car's headlights as it turned. The danger was sudden and imminent, and it does not appear that she could then have done anything to avoid the collision. Certainly, on this feature of the case, it cannot be said as a matter of law that contributory negligence can be attributed to her. (Wanner v. Philadelphia Reading R. Co.,261 Pa. 273, 104 A. 570; Le Clair v. Boudreau, 101 Vt. 270,63 A.L.R. 1427, 143 A. 401.)
Before reaching Rowe Road, Whalen had been driving from[6] thirty-two to thirty-five miles an hour, which is faster than the ordinance permits, but he had slowed down to avoid a car coming into the avenue from the west, which turned south on the avenue. Even if it should appear that Whalen drove upon the crossing at a greater rate of speed than the ordinance permits and therefore was himself guilty of negligence, it does not follow as a matter of law that plaintiff, his guest, was, for the same reason, guilty of contributory negligence. (Offerman v.Yellow Cab Co., 144 Minn. 478, 175 N.W. 537.) The following expression of the supreme court of Minnesota is applicable in the present case: "In general, the primary duty of caring for the safety of the vehicle and its passengers rests upon the driver and a mere gratuitous passenger should not be found guilty of contributory negligence as a matter of law, unless he in some way actively participates in the negligence of the driver, or is aware either that the driver is incompetent or careless, or unmindful of *Page 264 
some danger known to or apparent to the passenger, or that the driver is not taking proper precautions in approaching a place of danger, and, being so aware, fails to warn or admonish the driver, or to take proper steps to preserve his own safety." (Carnegie v. Great Northern Ry. Co., 128 Minn. 14,150 N.W. 164, 165.)
3. The plaintiff was seriously injured. For a time she lay at the point of death and undoubtedly she is to a considerable extent crippled for life. The accident happened on July 16, 1927.[7, 8] In June, 1928, plaintiff entered into an agreement with Whalen and National Cash Register Company which reads as follows:
"Whereas, on or about July 16, 1927, the undersigned, Edith Black, while riding in a Buick automobile driven by Thomas Whalen along a public highway in the county of Silver Bow, State of Montana, received injuries as the result of a collision between the automobile in which she was riding and a Chevrolet automobile, then being driven by S.P. Martin; and
"Whereas, the undersigned has heretofore claimed that Thomas Whalen brought about the aforesaid collision as a result of the negligent manner in which he was driving the said Buick automobile which collided with the aforesaid Chevrolet and she has further claimed that at the time of the collision said Whalen was acting as the agent of the National Cash Register Company, a corporation; and
"Whereas, said National Cash Register Company and said Thomas Whalen have each and both denied liability and responsibility for the causing of the injuries to the undersigned; and
"Whereas, the undersigned and said National Cash Register Company and Thomas Whalen have negotiated each with the other looking towards a compromise of the claims of the undersigned against said company and said Whalen and have determined upon an amount to be paid to effect such compromise and upon the other conditions thereof: *Page 265 
"Now Therefore, in consideration of the sum of Twelve Hundred Fifty Dollars to the undersigned in hand paid, she agrees for herself and for her successors in interest, executors, administrators and her heirs to discharge all her claims against said National Cash Register Company and said Thomas Whalen and that she will not hereafter institute or prosecute or suffer to be instituted or prosecuted any suit or action to recover of or from National Cash Register Company and/or Thomas Whalen damages or compensation of any kind, character or description for injuries to her person accrued, accruing or hereafter to accrue and/or to her property, for, because of, on account of, or in any manner connected with or growing out of the occurrence of said accident aforesaid: but in this connection it is expressly understood and agreed that the acceptance of the payment aforesaid is made with the express reservation to the undersigned of the right to prosecute any claims which she may have or which she may assert against S.P. Martin because of the manner in which he drove the automobile colliding with the one wherein the undersigned was riding at the time of the aforesaid collision. Edith Black." (Duly acknowledged.)
The trial judge instructed the jury to return a verdict for defendant upon the theory that Whalen, National Cash Register Company, and defendant were joint tort-feasors, and that, as plaintiff has but one cause of action against all persons responsible for her injury and damage, by releasing two of the tort-feasors, she also released the third. Whether the court was correct in this view presents the main question in this case and it is one of first impression in this court.
Preliminary to the main discussion we shall advert to some well-settled principles. If the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all. (45 C.J. 895;McDonald v. Robinson, 207 Iowa, 1293, 62 A.L.R. 1419,224 N.W. 820.) There is but one injury, for which each tort-feasor is answerable in full, but, there being but *Page 266 
one wrongful act, there can be but one full recovery, one complete satisfaction. When that is obtained the injured party has exhausted his remedy; "a sufficient atonement having been made, though by only one of the wrongdoers, the whole matter is at an end, so far as the legal rights and liabilities of the parties are concerned." (See note to Abb v. Northern P. Ry.Co., 28 Wn. 428, 92 Am. St. Rep. 864, 873, 58 L.R.A. 293, 68 P. 954.) All the courts agree that, if the consideration paid by one tort-feasor for the release is full compensation for the injury, the other tort-feasor is discharged; beyond that there is disagreement. (Note to Young v. Anderson, 33 Idaho, 522, 50 A.L.R. 1060, 196 P. 193.) Upon the basis that for the one injury the injured party has but one "cause of action" arose the ancient rule that, where there is a joint cause of action against two or more persons, a discharge as against one of them operates as a discharge to all: "The rule of law that a release which discharges the liability of one joint tort-feasor releases the others seems to be based upon the nature of their liability, which is one and indivisible and is necessarily destroyed by the discharge of one." (Matheson v. O'Kane, 211 Mass. 91, Ann. Cas. 1913B, 267, 39 L.R.A. (n.s.) 475, 97 N.E. 638, 639.) To this doctrine many courts of this country give assent; many adhere to it in the face of a written stipulation that the discharge of one tort-feasor shall not release the other. The reason given is that, since there is but a single injury, there can be but one satisfaction, that the release implies satisfaction; hence, another suit is repugnant thereto. Leading cases sustaining this position are: Abb v. Northern P. Ry. Co., 28 Wn. 428, 92 Am. St. Rep. 864, 58 L.R.A. 293, 68 P. 954; McBride v.Scott, 132 Mich. 176, 102 Am. St. Rep. 416, 1 Ann. Cas. 61, 61 L.R.A. 445, 93 N.W. 243; Seither v. Philadelphia TractionCo., 125 Pa. 397, 11 Am. St. Rep. 905, 4 L.R.A. 54, 17 A. 338;Ducey v. Patterson, 37 Colo. 216, 119 Am. St. Rep. 284, 11 Ann. Cas. 393, 9 L.R.A. (n.s.) 1066, 86 P. 109; Flynn v.Manson, 19 Cal.App. 400, 126 P. 181; and see Young v.Anderson, 33 Idaho, 522, 50 A.L.R. 1057, note 1060, 196 P. 193; note to *Page 267 American Railway Express Co. v. Stone, 27 F.2d 8, 66 A.L.R. 202, 207.
A tendency to break away from this harsh doctrine, which disregards the intention of the parties, deters compromise, and fails to recognize the vital distinction between full and partial satisfaction, was not long in manifesting itself. Taking advantage of the rule that a covenant not to sue one or more joint tort-feasors does not release the others (Clerk Lindsell on Torts, 170; collection of authorities in 50 A.L.R., pp. 1081, 1082), courts began to construe a release containing a reservation of rights as a covenant not to sue, rather than as a technical release. By some this device has been denounced as a subterfuge, but excusable, in order to arrive at substantial justice. This criticism loses much of its force when it is seen that the foundation of the qualification of the rule is the intention of the parties; this is the basis of the decision inDuck v. Mayeu, 2 Q.B. 511, as a result of which the rule in England now is that, where a party purports to release one wrongdoer with a reservation of his right of action against another, this is to be taken as an agreement not to sue rather than as a release. (Clerk Lindsell on Torts, 8th ed., 169.)
The supreme court of Wyoming says: "When the writing expresses an intention to release one joint tort-feasor and also an intention to reserve the right to sue the other, the two intentions are repugnant if the words of release be given their strict technical meaning, but they are not repugnant if the words of release be construed as an agreement not to sue the one with whom the compromise has been made." (Natrona Power Co. v.Clark, 31 Wyo. 284, 225 P. 586, 588.)
An instrument, qualified as is the one in suit, even if it be termed a "release," shows on its face that it was not the intention of the parties to destroy the injured person's right of action against the other tort-feasors, and negatives the idea that the injured person has received more than part satisfaction. Such an instrument is to be considered according to its intention. It releases the tort-feasor to whom it is executed as if it were in fact an express agreement not to sue, and to *Page 268 
that extent releases the other tort-feasors pro tanto only. As sustaining this conclusion, see Adams Express Co. v.Beckwith, 100 Ohio St. 348, 126 N.E. 300 (overruling Ellis v.Bitzer, 2 Ohio, 89, 15 Am. Dec. 534, relied upon in Abb v.Northern Pacific Ry. Co., supra; McBride v. Scott, supra; and other cases following the ancient rule); Schmidt v.Austin, 26 Ohio App. 240, 159 N.E. 850; Dwy v. ConnecticutCo., 89 Conn. 74, Ann. Cas. 1918D, 270, L.R.A. 1915E, 800,92 A. 883; Gilbert v. Finch, 173 N.Y. 455, 93 Am. St. Rep. 623, 61 L.R.A. 807, 66 N.E. 133; Walsh v. New York C. H.R.Co., 204 N.Y. 58, 37 L.R.A. (n.s.) 1137, 97 N.E. 408;Kropidlowski v. Pfister V.L. Co., 149 Wis. 421, 39 L.R.A. (n.s.) 509, 135 N.W. 839; Young v. Anderson, supra; Edens
v. Fletcher, 79 Kan. 139, 19 L.R.A. (n.s.) 618, 98 P. 784;Feighley v. C. Hoffman Son M. Co., 100 Kan. 430,165 P. 276; Shriver v. Carlin Fulton Co., 155 Md. 51,58 A.L.R. 767, 141 A. 434; McDonald v. Goddard Grocery Co.,184 Mo. App. 432, 171 S.W. 650; Waterman-Fouke Lumber Co. v. Miles,135 Miss. 146, 99 So. 759; Fitzgerald v. Union Stock YardsCo., 89 Neb. 393, 33 L.R.A. (n.s.) 983, 131 N.W. 612;Tankersley v. Lincoln Traction Co., 101 Neb. 578,163 N.W. 850; La Monte v. Lurich, 86 N.J. Eq. 26, 100 A. 1031;Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885; Thomas
v. Pugh, (Tex.Civ.App.) 6 S.W.2d 202; Bloss v.Plymale, 3 W. Va. 393, 100 Am. Dec. 752; The Thomas P. Beal, (D.C.) 298 Fed. 121.
Professor Williston says there appears to be "no reason of technical principle to distinguish the effect of a covenant not to sue or a release of one of several obligors under a joint and several liability in tort with a reservation of rights against the others from the effect of a similar release given to a joint and several contractor, and many decisions, accepting that analogy, permit an action to be maintained subsequently against the other tort-feasors, where one jointly and severally liable with them for the tort has been given a covenant not to sue him or a qualified release." (1 Williston on Contracts, sec. 338a. See 13 Cornell Law Review, 473.) *Page 269 
Dean Wigmore says the rule that a release to one of several joint tort-feasors is a discharge to all is merely a "surviving relic of the Cokian period of metaphysics." The real juristic vice of the rule, he says, is the claim that "mere words of release to A must inexorably signify also a release to B and C. Nothing but false logic prevents a complete repudiation of this principle. Some courts * * * have repudiated the hoary fallacy on common law grounds" — citing Kropidlowski v. Pfister V.L.Co., 149 Wis. 421, 39 L.R.A. (n.s.) 509, 135 N.W. 839, andFitzgerald v. Union Stock Yards Co., 89 Neb. 393, 33 L.R.A. (n.s.) 983, 131 N.W. 612. (17 Illinois Law Review, 563.)
Professor Throckmorton approves the modern rule in these words: "And there is now a very respectable body of modern judicial authority in support of the sound and reasonable rule that every instrument in the nature of a release of a joint tort-feasor should be construed so as to carry out the intent of the parties, and, as not having the effect of releasing those tort-feasors not parties to it unless the intent to release them appears from a reasonable interpretation of the entire instrument." (Throckmorton's Cooley on Torts, 1930, sec. 80.)
That the instrument in suit should be construed agreeably to the intentions of the parties is consistent with our statute and the former holdings of this court. (Sec. 7527, Rev. Codes 1921;Ferry Co. v. Forquer, 61 Mont. 336, 29 A.L.R. 642, 202 P. 193; State v. Rosman, 84 Mont. 207, 274 P. 850.)
As each tort-feasor is liable for the entire damage, if one[9] sees fit to secure acquittance for himself by compromise with the injured person, he does no wrong to those who are jointly liable with him. How can they complain if he has paid part of the damage? They are not prejudiced by the settlement, but on the contrary are benefited, for each is entitled to have the amount of any judgment rendered against him reduced by the amount paid by his cotort-feasor. (Adams Express Co. v.Beckwith, supra.)
The law favors compromises. This is especially true in tort[10] actions, not only because they relieve the labors of *Page 270 
courts, and avoid expense, but also because, where the parties agree between themselves upon a settlement of the claim, the result reached is frequently a more equitable adjustment than is possible to be had in a court of law. (10 Virginia Law Review, 72.)
The circuit court of appeals, speaking through Judge Thayer, said in Carey v. Bilby, 129 Fed. 203, 206, 63 C.C.A. 361. "We are of opinion that the doctrine enunciated in the cases last cited [Gilbert v. Finch, supra, and others] is supported by the greater weight of authority, and is founded upon the better reasons. It has the merit of giving effect to the intention of the party who executes such an instrument, which should always be done when the intention is manifest and it can be given effect without violating any rule of law, morals, or public policy. Besides, we are not aware of any sufficient reason which should preclude a person who has sustained an injury through the wrongful act of several persons from agreeing with one of the wrongdoers, who desires to avoid litigation, to accept such sum by way of partial compensation for the injury as he may be willing to pay, and to discharge him from further liability without releasing his cause of action as against the other wrongdoers. The law favors compromises generally, and it is not perceived that an arrangement of the kind last mentioned should be regarded with disfavor."
Summing up, the true rule appears to be that, if the injured party has accepted satisfaction in full for the injury suffered by him, the law will not permit him to recover again for the same injury; but he is not so affected until he has received full satisfaction, or that which the law considers such. If he receives part of the damages from one of the wrongdoers, the receipt thereof not being understood to be in full satisfaction of the injury, he does not thereby discharge the others from liability. (Note to Abb v. Northern Pacific Ry. Co., 92 Am. St. Rep. 874, 875, and cases cited; Dwy v. Connecticut Co., supra; Gilbert v. Finch, supra; Walsh v. New York Central *Page 271 H.R. Co., supra; Adams Express Co. v. Beckwith, supra;Natrona Power Co. v. Clark, supra.)
Tanner v. Bowen, 34 Mont. 121, 115 Am. St. Rep. 529, 9 Ann. Cas. 517, 7 L.R.A. (n.s.) 534, 85 P. 876, has no application to this case.
It follows that the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.
ASSOCIATE JUSTICES FORD and ANGSTMAN concur.
ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument, and take no part in the foregoing decision.