On September 1st, 1925, Newark Cleaning and Dye Works, a corporation, acquired title to lands and premises situate on Broome street, in the city of Newark, New Jersey, from the defendant herein, for the consideration of $20,000, of which $5,000 was paid in cash and the balance of $15,000 by a purchase-money mortgage for that sum. The bond accompanying the mortgage was executed by the Newark Cleaning and Dye Works and by Ellis Slatoff, Samuel Greene and Morris Colton, officers of the corporation.
Upon the subsequent foreclosure of this mortgage a deficiency of $16,259.19 arose. This amount, with interest less $2,000 hereinafter referred to, is claimed to be due and payable from the complainant in suits at law which have been brought by the defendant herein, one by attachment in the New Jersey supreme court and one by summons in the New *Page 325 
York supreme court. The present bill is filed to enjoin the defendant from prosecuting these actions at law.
Pursuant to "An act to authorize the compromise and discharge of claims against one or more of several joint debtors or co-partners" (3 Comp. Stat. pp. 3780, 3781), the defendant, prior to the institution of the actions at law and in consideration of $2,000, executed a written compromise and discharge of the liability of Newark Cleaning and Dye Works, Samuel Greene and Morris Colton, being all of the joint obligors except the complainant.
The statute provides (section 3) that after such release of one or more of the joint debtors the creditor may proceed against the remaining joint debtors for the balance due "after the ratable portion or portions of said debtor or debtors so released shall have been deducted therefrom," which in this case would be for the remaining one-quarter of the whole debt, and not for the whole debt less the $2,000 above mentioned. This the defendant concedes, but inasmuch as this defense is available at law it need not concern us here. The equitable ground upon which this court is urged to enjoin the prosecution of the actions at law is that the transaction was one by which Newark Cleaning and Dye Works was the principal debtor and the individual obligors on the bond merely sureties for the payment of the debt; that the defendant so understood the arrangement and is estopped to claim that the four obligors on the bond are liable in equal degree as joint debtors, and that the statute was not intended to contravene the established rule that the discharge of the principal discharges the surety.
Assuming that complainant is right in his contention that he and the other individual signers of the bond were, to defendant's knowledge, merely sureties for the payment of the debt, it does not follow that the defendant's discharge of the principal debtor discharged the complainant from liability for his proportionate part of the debt.
The agreement of discharge was executed pursuant to the authority of the statute above referred to, and the statute expressly provides that such a compromise or composition with one or more of several joint debtors shall not be construed *Page 326 
to discharge the others from their obligation to pay a proportionate amount of the debt, and that the creditor's right to proceed at law or in equity against those joint debtors who have not been so released shall not be impaired. The compromise agreement, in view of the statutory provisions inherent in it, amounts merely to a covenant not to sue those joint debtors who have been discharged. It is immaterial that one of the joint debtors may be the principal debtor and the others sureties.Bowne v. Mount Holly National Bank, 45 N.J. Law 360. And it is well settled that the release of one joint debtor does not release the others where there is a reservation. 2 Williston onContracts (Rev. Ed. 1936) 1002; Roseville Trust Co. v.Mott, 85 N.J. Eq. 297. The reservation is contained in the express provisions of the statute, which are to be read into the compromise agreement.
The complainant was in nowise injured by defendant's discharge of his co-obligors. He still has the right to sue the principal debtor to recoup any losses he may sustain because of his suretyship. Indeed, he has derived a distinct benefit because of the resulting limitation of his liability to his proportionate part of the debt.
The bill of complaint will be dismissed.